John W. Sweeny, J.
In this action for (1) a judgment declaring the defendant’s bond resolution of May 9, 1969 unconstitutional, illegal and void, (2) an injunction against further payment of moneys or acquisition of property authorized by the resolution and (3) for money damages sustained as a result of the alleged unconstitutional resolution, plaintiffs move for an order dismissing defendant’s answer for lack of merit and for summary judgment.
In April, 1967 an engineering firm compiled a comprehensive water supply study for the County of Orange. The plaintiffs’ home is situated on an eight-acre tract located on the site of one of eight reservoirs proposed by the comprehensive study. This study recommended that further preliminary engineering studies be made to determine. the feasibility of each of the proposed reservoir sites. The county was also advised of the necessity of complying with paragraph (b) of subdivision (1) of section 450 of the Conservation Law which requires submission of maps and plans to the New York State Water Resources Commission before it took or condemned lands for any new additional sources of water supply.
On May 9, 1969 the respondent adopted a $5,000,000 serial bond and capital note resolution “ to pay the cost of the acquisition of land for various County purposes.” The county has since purchased many parcels of land in the areas of these proposed reservoir sites, using money from this bond issue. *1078 There have been no engineering studies conducted to determine the feasibility of the proposed reservoir sites and no submission has been made to the Water Resources Commission pursuant to the Conservation Law.
Plaintiffs contend in this action commenced on December 22, 1970, that this bond resolution, adopted for unspecified county purposes, is unconstitutional and void. They further contend that the resolution was passed for the sole purpose of purchasing land for these proposed reservoirs in violation of section 450 of the Conservation Law.
At the very outset it is imperative, in the light of the special Statute of Limitations contained in section 82.00 of the Local Finance Law, to determine the constitutional validity of a bond resolution “ to pay the cost of the acquisition of land for various County purposes.”
Pursuant to this enactment “ the validity of the obligations authorized thereby may be contested only if:
“1. Such obligations were authorized for an object or purpose for which the municipality * * * is not authorized to expend money, or
" 2. The provisions of law which should have been complied with at the date of publication of such resolution or certificate were not substantially complied with, and an action * * * contesting such validity is commenced within twenty days after publication, or
“ 3. Such obligations were authorized in violation of the provisions of the constitution.” (Emphasis added.)
In order for plaintiffs’ cause of action for a declaratory judgment to stand it must be based upon a violation of the New York Constitution, since it was commenced after this substantive 20-day Statute of Limitations had run.
It is plaintiffs’ contention that the failure of the county to specify the exact county purpose for which the lands were to be purchased is a violation of section 2 of article VIII of the New York Constitution which provides that: “No County * * * shall contract any indebtedness except for * * * county * * * purposes ”.
“ The constitutional provision that no County shall contract any indebtedness except for County purposes, is aimed at prohibiting local indebtedness for expenditures which serve no local purpose.” (Grimm v. County of Rensselaer, 4 N Y 2d 416, 421.) The purpose of this constitutional provision is to prevent a municipal corporation from becoming indebted for other purposes than those for which it was created (cf. Village *1079 of Kenmore v. County of Erie, 252 N. Y. 437). What is prohibited by the Constitution is an expenditure by a municipal corporation for the benefit of a private party (cf. Murphy v. Erie County, 28 N Y 2d 80, 88).
Plaintiffs claim that a resolution which does not state a specific purpose is tantamount to a resolution for an expenditure of funds for something other than a county purpose and therefore a violation of section 2 of article VIII of the New York Constitution. However, they also ask the court to take judicial notice, and the court takes such notice, of the well-known fact that the application of the resolution funds has been for the purchase of land for water supply purposes for the county.
It is clear that the purpose for which the bond resolution was adopted was for county purposes. Whether we look at the stated purpose “ various county purposes,” of the actually intended purpose, “water supply purposes,” we can see only an indebtedness for county purposes and therefore no violation of the New York Constitution.
It appears that the Legislature intended to make a sharp distinction between expenditures for unauthorized county purposes and expenditures which are not only unauthorized but also are not for county purposes and therefore in violation of the Constitution. Section 82.00 of the Local Finance Law cuts off a challenge to the former after 20 days of publication while not specifically limiting a challenge in the latter.
The fact that the resolution did not meet the requirements of section 32.00 of the Local Finance Law since it failed to state its specific object, or that the county had not obtained the consent of the Water Resources Commission to purchase lands for new water supplies pursuant to section 450 of the Conservation Law, and violates as well subdivision 3 of section 215 of the County Law, made the resolution vulnerable to a challenge under subdivision 1 of section 82.00 of that enactment as an obligation for an unauthorised yet constitutional county purpose. This being the case the instant action for a declaratory judgment should have been commenced within the 20-day time period imposed by the statute.
It is irrelevant that the defendant did not raise the defense of the Statute of Limitations in its answer. This substantive Statute of Limitations qualified the very right to bring the cause of action. After this 20-day period the right to contest the validity of the resolution was" extinguished (cf. Romano v. Romano, 19 N Y 2d 444). Accordingly, the court grants summary judgment to defendants dismissing that cause of action which seeks a judgment declaring the bond resolution illegal and void.
*1080 Although the defendant’s bond issue would appear to be immune from attack, the court is constrained to look long and hard at the actual purpose to which the proceeds of the bonds have been put. If there was any question raised by the minutes of the defendant’s Board of Supervisors and the correspondence of its attorneys prior to its adoption, regarding the actual purpose of the bond resolution it is put to rest not only by defendant’s published notice wherein it sought bids for “leasing of certain land * * * on property acquired by the County * * * at the proposed- * * * Dwaarkill Reservoir site ” but also by its public statement in the State of the County Message 1972 regarding land acquisition for “ future reservoir purposes.” The conclusion is inescapable that the defendant passed the resolution and purchased and continues to purchase land for the sole purpose of developing reservoirs in those areas proposed by the 1967 engineering study.
Paragraph (b) of subdivision (1) of section 450 of the Conservation Law prohibits the taking or condemning of lands for any new or additional sources of water supply until maps and plans have first been submitted to and approved by the Water Resources Commission.
The defendant’s contention that it is not a public corporation within the meaning of this enactment is rejected by the court. The obvious purpose of the statute is to govern any public corporation which seeks to develop water resources. Subdivision (3) of section 403 of the Conservation Law by reference to subsection 1 of section 3 of the General Corporation Law, would encompass a municipal corporation. (See, also, Jamaica Water Supply Co. v. City of New York, 39 Misc 2d 866.)
The prior approval of the commission is not a mere formality devoid of meaning. It was the legislative purpose to give the Water Resources Commission “broad regulatory powers over the potable water supply of the whole State”. (Great Neck Water Auth. v. Citizens Water Supply Co. of Newtown, 12 N Y 2d 167, 174-175.) The responsibility of ultimately determining the need of water resources rests in the commission after a consideration of the many related questions which are within the area of the commission’s competency, (cf. Swan Lake Water Corp. v. Suffolk County Water Auth., 20 N Y 2d 81.)
It was not within the province of the county to usurp the office of the commission and attempt to determine the feasibility of the proposed sites.
Since the defendant has not complied with the requirements of the Conservation Law regarding submission of maps and plan's for the approval of the State Water Resources Commis *1081 sion, it is without any authority to purchase or condemn land for future reservoir purposes and the court will enjoin any further acquisition of land for that purpose or any unspecified county purpose pursuant to the resolution in question, unless and until the county has complied with the provisions of the Water Resources Law (Conservation Law, art. 5; cf. Queens County Water Co. v. O’Brien, 131 App. Div. 91).
Since there is a question of fact as to whether or not the county’s actions have violated any rights of the plaintiffs, the court must deny summary judgment dismissing the defendants’ answer. r