In the Matter of SERVOMATION CORP., Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, December 29, 1977

**APPEARANCES OF COUNSEL**

*Steiner & Steiner (Paul H. Wein* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Hastings Morse* and *Ruth Kessler Toch* of counsel), for respondent.

**OPINION OF THE COURT**

GREENBLOTT, J.

Petitioner Servomation Corporation is the survivor of mergers or consolidations with three formerly wholly owned subsidiaries, all engaged in the supply of food through vending, cafeteria and dining services. On June 27, 1972, respondent served petitioner's predecessor, Servomation of Western New York, with a demand for additional sales and use taxes arising out of the purchase of hot and cold drink "mixing and vending" machines, and the paper containers, wrappers and packaging supplies which were a part of the vending operations. Similar notices were served on May 18, 1972 and September 17, 1973 on petitioner's other two predecessors, Servomation of Northeastern New York, Inc., and Servomation Ko-Ed. The total assessment was $51,809.87. Petitioner requested a hearing. In preliminary discussions, the parties stipulated that only the case of Servomation of Western New York would be litigated, and that the issues in the other two cases would be determined by the outcome in the litigated case.

A hearing officer found that the contested equipment was not "production machinery" within the contemplation of section 1115 of the Tax Law, and was not, therefore, subject to an exemption from sales and use taxes (Tax Law, art 28). The containers, wrappers and packaging materials were exempted under section 1101 (subd [b], par [4], cl [i]) since they were resold as physical component parts of tangible personal property. The original deficiency assessments were modified accordingly. However, respondent refused to apply the exemption for the supplementary items to Servomation Ko-Ed, con-

tending that Ko-Ed's operations (cafeterias and restaurants with on-site consumption) were materially different from the vending operations, and, thus, the exemptions did not apply.

Petitioner raises three points in this court. First, it contends that at least some of the assessments applied to tax returns filed more than three years earlier violating subdivision (b) of section 1147 of the Tax Law which proscribes "assessment of additional tax * * * after the expiration of more than three years from the date of the filing of a return". Second, it contends that respondent's determination that the vending machines are taxable items is arbitrary and capricious and without foundation in the record. Finally, petitioner argues that respondent violated the stipulation in refusing to apply the exemption for supplementary materials to Servomation Ko-Ed.

With respect to the procedural issue, petitioner would have us hold that section 1147 sets up a jurisdictional requirement which, if violated, divests respondent of the power to make assessments. The alternative is that the section merely provides a Statute of Limitations to be pleaded as an affirmative defense. The distinction takes on importance as petitioner raised the section as a bar to assessment only in its brief to this court neglecting the issue before the commission and in its petition.

As a jurisdictional matter, petitioner does not contend that the Tax Commissioner lacks subject matter jurisdiction, but, rather that the Tax Commission must plead and prove that it has complied with the time limitations of section 1147 as a substantive element of its assessment claim.

■ ■ We find no support for this position. Although it is true that in some instances time limitations have been found to be integral to the cause of action (see, e.g., *Romano v Romano,* 19 NY2d 444 [three-year period to annul a marriage for fraud]; *Matter of Howard v Robinson,* 32 AD2d 837 [two-year period to establish paternity]; *Blomquist v County of Orange,* 69 Misc 2d 1077 [20-day period to contest a bond resolution under the Local Finance Law]), these situations demand rapid and final resolution. In contrast, Statutes of Limitation are designed primarily to protect persons from the burden of litigating stale claims. While it may be clear public policy to require annulment of marriages within three years of discovery of fraud, it is no more in the public interest to assess taxes within three years of filing than it is to collect all

taxes owing to the State. Petitioner has shown no harm caused by litigation of this overdue claim.

■ Similar provisions of the Internal Revenue Code of 1954 (US Code, tit 26, § 6501) have been construed as Statutes of Limitation *(United States v Gurley,* 415 F2d 144, 147; *United States v Haddad,* 250 F Supp 845, affd *sub nom. Badway v United States,* 367 F2d 22). Our courts adopt, whenever reasonable, Federal construction of similar tax provisions *(Matter of Marx v Bragalini,* 6 NY2d 322). Section 1147 establishes a three-year limitation which petitioner waived by failing to affirmatively raise below.

■ As for respondent's determination that vending machines are not exempt from sales taxes, we find it to be neither arbitrary nor unfounded. Section 1115 exempts from sales and use taxes "[m]achinery or equipment for use or consumption directly and exclusively in the production of tangible personal property (subd [a], par [12]; L 1965, ch 94).* It is clear from the record that no matter how petitioner characterizes the internal mechanism of the machines, they all are used, at least in part, for vending as well as production. Thus, they are not used "exclusively" in production. We see nothing unreasonable in this determination.

■ Finally, we are confronted with the problem raised by the stipulation. We have no alternative but to remit the case for a hearing to determine whether the purchases of packaging supplies by Servomation Ko-Ed are taxable. We find no formal determination in the record explaining respondent's refusal to abide by the stipulation. Even accepting respondent's argument that the controverted supplies would be taxable given the nature of Ko-Ed's operations, the stipulation lulled petitioner into believing that it would not be necessary to litigate this issue. Thus, petitioner was denied its lawful right to a hearing.

The determination should be modified by annulling so much of it as sustains the assessment against Servomation Ko-Ed for its purchases of packaging supplies; matter is remitted for a hearing on the disputed assessment, and, as so modified, confirmed, without costs.

---

* The statute was amended by chapter 851 of the Laws of 1974 to allow an exemption for such items used directly and *predominantly* in production, rather than exclusively. This amendment does not apply here since all assessments were made prior to the change.

KOREMAN, P. J., MAIN, MIKOLL and HERLIHY, JJ., concur.

Determination modified by annulling so much of it as sustains the assessment against Servomation Ko-Ed for its purchases of packaging supplies; matter remitted for a hearing on the disputed assessment, and, as so modified, confirmed, without costs.