Hon. Thomas C. LaRocque Village Attorney, Malone
This letter is in response to your recent request for an opinion of the Attorney General.
You have informed us that the Village of Malone has a rather old fire truck which cannot be used for aerial work above a certain height, and the village has purchased a new aerial truck to substitute in the place of said vehicle. This old fire truck can be used for transporting ladders, equipment, men, etc., but the village does not now have a place in which to adequately store the truck.
The Village of Malone proposes to transfer title to the truck to the Village of Chateaugay, New York, with the understanding that the truck will be used by the Village of Chateaugay to assist Malone with its firefighting duties if and when it becomes necessary, and with the further provision that if the Village of Chateaugay should decide to sell the truck, the ground ladders and other equipment will be returned to the Village of Malone. In addition, the Village of Chateaugay will maintain the truck, repair it, and will have title to it.
You ask whether the agreement as set forth above is sufficient consideration for the Village of Malone to transfer title to the old fire truck to the Village of Chateaugay upon the terms and conditions outlined.
N Y Const, art VIII, § 1, provides, in part:
 "No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking * * *"
The constitutional prohibition does not, by its terms, extend to a gift from one municipality to another municipality. A municipality may make a gift to another public corporation for proper public purposes. Union FreeSchool District v Town of Rye, 280 N.Y. 469 (1939); Comereski v City ofElmira, 308 N.Y. 248 (1955).
Article VIII, § 1, of the New York State Constitution was intended to curb raids on the public purse for the benefit of favored individuals or enterprises furnishing no corresponding benefit. Teamsters v Town ofCortlandt, 68 Misc.2d 645 (1971); Bloomquist v Orange County,69 Misc.2d 1077 (1972).
In the present situation, it appears that the Village of Malone will certainly benefit from the proposed arrangement, and that the agreement will further a proper public purpose. We conclude, therefore, that the intermunicipal transfer of an old fire truck is not prohibited by N Y Const, art VIII, § 1.