OPINION OF THE COURT
John T. Casey, J.
In this CPLR article 78 proceeding, the petitioners attack as *443 illegal and contrary to law, two determinations of the respondent Tax Commission which assessed sales taxes on certain products used in their "fast food” operation.
The first determination assessed the petitioner Burger King, Inc., on that portion of its paper products, consisting of sandwich wrappers, cardboard cups for holding coffee and other beverages, and sleeves for french fries, which it used to serve the food sold to its customers for consumption on premises during the period of March 1, 1970 through November 30, 1972. The petitioner purchased these paper products without paying a tax on them and they constitute approximately 24.5% of all the paper products that were purchased during the period covered.[1]
The second determination imposed a sales tax assessment on the petitioner Davmor Industries, Inc., which manufactured and sold to the petitioner Burger King restaurant equipment, consisting of ovens, broilers, coffee urns, milk shake equipment, and other similar machinery during the period of June 1, 1970 to November, 1972 and on those sales that petitioner admittedly collected no sales tax. This determination also imposed a sales tax on the purchase of that same kind of machinery and equipment by the petitioner Edgmor, who bought two restaurants from Burger King, which contained that kind of machinery. It is contended herein by these petitioners that the sale of that equipment by Davmor and the purchase of such equipment by Edgmor was exempt from tax under the machinery exemption contained in section 1115 (subd [a], par [12]) of the Tax Law.
This proceeding involving legal issues only — i.e., whether on the facts which, as recited, are generally undisputed, the imposition of a sales tax by the respondent was arbitrary and capricious and, therefore, illegal — is not transferable to the Appellate Division pursuant to CPLR 7804 (subd [g]) on the question of the substantiality of the evidence presented at the hearing and must be decided as a matter of law by Special Term.
"Section 1105 of the Tax Law imposes a sales tax on all retail sales of tangible personal property not otherwise ex *444 empted.” (Matter of Dairylea Coop, v State Tax Comm., 41 AD2d 312, 316.) The basis for the respondent’s decision imposing a sales tax on the paper products herein was its conclusion that the food sold at retail by Burger King was not "tangible personal property”. In this court’s opinion that reasoning is error. The term "tangible personal property” is broadly defined in section 1101 (subd [b], par [6]) of the Tax Law as "Corporeal personal property of any nature.” This definition embraces all personal property which possesses any physical substances even though created according to particular instructions or on special order or by the exercise of a substantial skill. (51 NY Jur, Sales & Use Tax, § 19, p 366.) As such, the term includes the food herein and the items necessary for the service of such food such as these paper products, as it did ice cream and its cartons in the Dairylea (supra) case. However, because in this court’s opinion the rationale of the respondent’s determination was erroneous, it does not follow necessarily that the result reached was also erroneous.
A "retail sale” is defined in section 1101 (subd [b], par [4], cl [i]) of the Tax Law, as "A sale of tangible personal property to any person for any purpose other than (A) for resale as such or as a physical component part of tangible personal property”. The statute does not separately define "resale”. (Albany Calcium Light Co. v State Tax Comm., 44 NY2d 986.) Therefore, in order for Burger King to obtain an exemption from tax for the paper products herein, those products must have been purchased by it or sold by it for resale as such or as a physical component part of the food sold to its customers.[2]
Two sales are involved here, the sale to Burger King of the paper products, and the sale of those paper products by Burger King to its customer-consumers. If the sale by Burger King to its customer-consumers constitutes a taxable retail sale, however, then the sale to Burger King need not be considered for Burger King would then be liable for the sales tax and the determination of the respondent in that regard must be sustained. When Burger King sold its food contained in the wrapper or container to a customer, the wrapper or container had no value apart from the food and is discardable as waste only as soon as the food is consumed. The customer *445 does not separately buy the wrapper or container. Therefore, those items are used by Burger King " 'only to facilitate the sale of the product packed in the container and not for the purpose of a resale of the container as an article of commerce’ ” (see Matter of Colgate-Palmolive-Peet Co. v Joseph, 308 NY 333, 338; Matter of American Molasses Co. v McGoldrick, 281 NY 269) and cannot be said to be sold by Burger King to the customer for resale so as to qualify for that exemption from sales tax. A similar result was reached in Matter of Dairylea Coop, v State Tax Comm. (41 AD2d 312, supra). In Dairylea the Appellate Division, Third Department, held the petitioner, an ice cream manufacturer, liable for sales tax on cardboard ice cream containers which it purchased without paying sales tax thereon and in which it packed ice cream for sale to wholesalers and commercial users for the reason that the. cardboard containers were not sold by the manufacturer for resale as such, being useless and waste when emptied of the ice cream by the wholesalers and commercial users. Additionally it was held that although the cardboard containers were essential to the sale of the ice cream by the manufacturer, they were not to be considered a "physical component of the ice cream” so as to qualify under that statutory exemption from sales tax. Therefore, the sale by Dairylea was a retail sale and taxable for failure to qualify under either exemption. If the cardboard containers in Dairylea (supra) cannot be considered exempt, then neither can the paper products herein which are not a physical component of the food sold and have no purpose or value after the food or drink contained in them is consumed by the customer.
In regard to the sales tax assessment imposed on the petitioner Burger King by the respondent, that determination is not arbitrary and must be sustained and that part of the petition which attacks it, dismissed.
A different result pertains with respect to the other two petitioners who claim exemption for the sale of the machinery described above. Section 1115 (subd [a], par [12]) of the Tax Law, as it read at the time in question, provided an exemption from tax for "[machinery or equipment for use or consumption directly and exclusively [changed to predominantly in 1974 (L 1974, ch 851)] in the production of tangible personal property * * * for sale, by manufacturing, processing * * * but not including parts with a useful life of one year or less”. By that statutory provision the machinery or equipment used *446 directly and exclusively in the production of tangible personal property for sale whether by manufacturing or processing such property, is exempt. All of the machinery in question herein was necessary and essential to the processing of the food sold by Burger King and was used directly and exclusively to cook and prepare such food. This court having determined that the food sold was tangible personal property, it follows that the machinery necessary and essential to prepare it is exempt and that the determination of the respondent to the contrary in respect to the petitioners Davmor and Edgmor was arbitrary and capricious as violative of that statute. (Cf. Matter of Servomation Corp. v State Tax Comm., 60 AD2d 374.) Accordingly, the second determination made by the respondent which imposed a sales tax on all such machinery is annulled.
As to the claim of the petitioners that the assessment was not timely made, this court has considered such contention and finds it to be without merit on the facts and on the law. (See Matter of Servomation Corp. v State Tax Comm., 60 AD2d 374, supra.)
Accordingly, the first determination of the respondent is sustained. The second determination is annulled.

. Of the total amount of paper products purchased by petitioner, 35% was used for the sale of its food consumed on premises. The parties agree, however, that 30% of that figure represented outer bags, napkins and drinking straws that were taxable, not being an integral part of the service of the petitioner’s food consumed on premises. Thus, the 35% figure must be reduced by 10.5%.

. Section 1115 (subd [a], par [19]) was added effective July 1, 1974 which specifically exempts "Cartons, containers, wrapping and packaging materials and supplies and components thereof for use * * * by a vendor in packaging”. This provision has no effect on the petitioner’s situation which occurred in 1970-1972.