■ In the Matter of MANNY CONVISSAR et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained a sales and use tax assessment imposed under articles 28 and 29 of the Tax Law. Petitioners are partners of a candy-store luncheo-

nette and filed New York State sales and use tax returns for the period June 1, 1968 through August 31, 1971. Following an audit which consisted of an analysis of purchases made by petitioners during the month of November, 1972, the Sales Tax Bureau issued a notice of determination and demand on March 20, 1974 imposing additional sales tax against petitioners for the period June 1, 1968 through August 31, 1971. Respondent upheld the additional tax after concluding that petitioners failed to present records required to be kept under section 1135 of the Tax Law and that the Sales Tax Bureau properly conducted the audit using available information in accordance with subdivision (a) of section 1138 of the Tax Law. Petitioners then commenced this proceeding and raised, for the first time, the issue of whether or not valid consents were obtained extending the period for assessment of additional sales and use taxes. Petitioners also contend that the audit conducted was improper and that respondent's determination based on such audit was arbitrary, capricious and not based on substantial evidence. The requirements of section 1147 of the Tax Law dealing with the time period in which assessments of additional taxes may be made have been held to constitute a Statute of Limitations which must be pleaded as an affirmative defense *(matter of Servomation Corp. v State Tax Comm.,* 60 AD2d 374). Petitioners have waived any claim they may have had concerning the timeliness of the taxing authorities' action by failing to raise this issue during the administrative procedure (see *Matter of Servomation Corp. v State Tax Comm., supra;* see, also, *Matter of Seitelman v Lavine,* 36 NY2d 165, 170; *Matter of Weber v Carhart Photo,* 46 AD2d 964, mot for lv to app den 36 NY2d 643). Turning to the manner in which the audit was conducted, the use of the one-month test period was proper due to the insufficiency of petitioners' records *(Matter of Grant Co. v Joseph,* 2 NY2d 196; *Matter of Meyer v State Tax Comm.,* 61 AD2d 223, mot for lv to app den 44 NY2d 645). The auditor analyzed purchases and applied a mark-up percentage for various categories of goods sold based on experience with similar businesses, a practice which was in accord with standard audit procedures of the Sales Tax Bureau. Since this audit procedure was reasonable under the circumstances and petitioners have failed to meet their burden of showing error, the respondent's determination must be confirmed *(Matter of Meyer v State Tax Comm., supra).* Although petitioners attempt to show that the various mark-up percentages used by the auditor were inaccurate, they have not demonstrated that those figures used were unreasonable. Exactness is not required where it is the taxpayer's own failure to maintain proper records which prevents exactness in the determination of sales tax liability *(Matter of Markowitz v State Tax Comm.,* 54 AD2d 1023, affd 44 NY2d 684). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.