OPINION OF THE COURT
Robert F. Doran, J.
The plaintiff is engaged in the business of providing retail *571 food and refreshment services to its operations, which include vending, cafeteria and fast-food restaurant and dining service installations at various fast-food locations throughout the United States and eastern Canada. In conjunction with the operation of its food and refreshment services, the plaintiff purchases large quantities of disposable paper and plastic products, consisting of cups, plates, containers and lids for hot and cold drinks. When these products are sold to the consumer, there is no separate charge for paper and plastic products.
Section 1115 of the Tax Law exempts from sales and use taxes receipts from certain items. Under subdivision (a) of section 1115, the exemption is from the tax on retail sales imposed under subdivision (a) of section 1105 and the compensating use tax imposed under section 1110. One of the exempt items listed is found in section 1115 (subd [a], par [19]): "Cartons, containers, and wrapping and packing materials and supplies, and components thereof for use and consumption by a vendor in packaging or packing tangible personal property for sale, and actually transferred by the vendor to the purchaser.” Section 1115 (subd [a], par [19]) was added effective July 1, 1974 (L 1974, ch 581).
Subdivision (a) of section 1105 of the Tax Law states that a sales tax is imposed on the receipts from every retail sale of tangible personal property not otherwise exempted.
Section 1105 (subd [d], par [i]) of the Tax Law states that a sales tax is imposed on every sale of food or drink in a restaurant, tavern or other establishment or by caterers.
On or about May 10, 1977, the defendant promulgated section 528.20 under articles 28 and 29 of the Tax Law (20 NYCRR 528.20). Section 528.20 became effective June 1, 1977.
Under 20 NYCRR 528.20 (c) (5), cartons, containers and other packaging material used in or by restaurants, taverns or other establishments or by caterers are subject to tax, whether or not there is a separate charge for such containers or packaging materials. Example 7 of 20 NYCRR 528.20 (c) (5) reads as follows: "A food vending machine operator purchases stirrers, napkins, hot and cold cups and lids. Since these items do not become part of the products sold nor are they used to package tangible personal property, they are subject to sales tax.”
The plaintiff seeks a judgment declaring 20 NYCRR 528.20 to be void and unenforceable on the ground that it extends *572 beyond the defendant’s authority as granted in section 1142 of the Tax Law and is arbitrary and capricious. The plaintiff has moved for summary judgment and for a directed verdict in its favor.
The defendant claims that 20 NYCRR 528.20 (c) (5) is a valid rule and not in conflict with section 1115 (subd [a], par [19]) of the Tax Law. It points to the fact that section 1115 (subd [a], par [19]), which exempts from sales tax cartons, containers, etc., refers only to retail sales under subdivision (a) of section 1105 and does not refer to sales under section 1105 (subd [d], par [i]), which is the section that actually taxes the food and beverage products of the plaintiff.
The court.agrees with the defendant’s reasoning. If the Legislature had intended the plaintiff’s paper and plastic products to be exempt when it enacted paragraph (19), it had to make it clear that the exemption applied not only to taxable sales of tangible personal property under subdivision (a) of section 1105 but also to sales of food and beverages under section 1105 (subd [d], par [i]). The court, in arriving at this conclusion, agrees with the plaintiff insofar as it argues that what is being sold by the plaintiff, i.e., food and beverage, is tangible personal property (Matter of Burger King v State Tax Comm., 95 Misc 2d 442).
Thus, it may be that some of the rationale of 20 NYCRR 528.20 (c) (5) is faulty. To illustrate, insofar as Example 7 states that stirrers, napkins, hot and cold cups and lids used by a vending machine operator are taxable because they are not used to package tangible personal property, the defendant is in error in its rationale. However, as stated by Justice Casey in Burger King (supra), because the rationale of the defendant’s determination is in error, it does not necessarily follow that the result reached was also erroneous.
In this court’s opinion, that is the situation here;
The court has examined the full legislative bill jacket of chapter 581 of the Laws of 1974. There is nothing in any of the letters and memoranda supplied by various State Departments, trade organizations, etc., that would even indicate that the plaintiff’s position is correct insofar as the plaintiff alleges that paragraph (19) applies to sales under section 1105 (subd [d], par [i]) as well as to sales under subdivision (a) of section 1105.
This position is further fortified by a budget bill submitted by the Governor to the 1979-1980 Legislative Session. Under *573 Senate Intro No. 1743 and Assembly Intro No. 2543, a new exemption is sought to be added to section 1115. In that introduced bill, a new paragraph, paragraph (22), would be added to subdivision (a) of section 1115 that would, in effect, except any supply used or consumed in the production for sale of certain food, food products, beverage and dietary foods sold for human consumption. However, the proposed paragraph (22) specifically states that: "Nothing herein shall be construed as exempting supplies used or consumed by restaurants, taverns and other establishments in this state, or by caterers, in the preparation of food or drink subject to the tax imposed under subdivision (d) of section eleven hundred five of this article.” This nonexemption for restaurants, etc., lends strength to the defendant’s argument that when the Legislature enacted section 1115 (subd [a], par [19]) in 1974, it did not mean to exempt from tax cartons, etc., which are used in sales under section 1105 (subd [d], par [i]), which is the section that actually taxes the food and beverage products of the plaintiff.
The plaintiff also seeks to declare 20 NYCRR 528.20 (c) (5) void and unenforceable on the ground that the paper and plastic products of the plaintiff are purchased for resale or that they become a physical component part of the tangible personal property (the food and beverage) sold by the plaintiff and hence are exempt from tax under section 1101 (subd [b], par [4]). As stated before, when the products of the plaintiff are sold to a consumer, there is no separate price for the containers. That being so, the decision in Burger King (95 Misc 2d 442, supra) is a complete answer and a rejection to the plaintiff’s second theory upon which it relies to declare 20 NYCRR 528.20 (c) (5) void and unenforceable.
Again, the court concludes that it may be that part of the defendant’s regulation may be faulty. For example, 20 NYCRR 528.20 (c) (5) states that cartons, containers and other packaging materials used in or by restaurants, taverns or other establishments or by caterers are subject to tax whether or not there is a separate charge for such containers or packaging materials. Example 6 states that a pizza parlor has a 10-cent surcharge for pizza which is taken out. The surcharge is intended to defray the cost of the cartons. Since the carton is not used to package tangible personal property, it is subject to tax. Possibly, the example is erroneous. Clearly, the pizza is tangible personal property. It may well be that since there is a separate charge for the cartons, the purchase of *574 those cartons by the pizza parlor might be exempt under section 1101 (subd [b], par [4]). However, that is not the plaintiffs situation.
Even if the court were not inclined to hold against the pláintiff upon the above grounds, it would nevertheless hold against the plaintiff on the ground that the plaintiff is not aggrieved by an action of the defendant. The action presents no justiciable controversy (Guardian Life Ins. Co. of Amer. v Graves, 268 App Div 809, affd 294 NY 953; Building Contrs. Assn, v Tully, Albany County Supreme Ct, Oct. 14, 1977).
In light of all the foregoing, the court will grant the defendant’s cross motion for summary judgment.