■ In the Matter of William Sakran, Doing Business as Sakran's Market, Petitioner, v State Tax Commission, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Tax Commission which sustained the imposition of additional sales taxes in the amount of $11,116.70 plus penalties and interest for the period from September 1, 1971 through May 31, 1974. Petitioner, individually, owns and operates a neighborhood grocery store, known as Sakran's Market in Syracuse, New York, where he sold at retail a variety of meats, groceries, produce, beer and soda. Some of the items were

taxable, and others were nontaxable. Petitioner filed quarterly sales tax returns, wherein he estimated the amount of taxable sales. In the month of November, 1974, an audit was made of petitioner's books and records for the period from September 1, 1971 to May 31, 1974, from which it was determined that additional sales taxes were due for that period. On February 25, 1975, petitioner filed an application with respondent for a review of the determination. A hearing was held on July 28, 1977. The audit report introduced in evidence disclosed that petitioner's records consisted of Federal income tax returns and schedules; duplicate sales tax returns; a sales journal showing daily gross sales; a purchase and expense journal and invoices for all purchases. Although petitioner's cash register was equipped with a tax key and produced a master tape, he did not keep the register tapes for the period under review, and he did not keep a record of the daily taxable sales figures. To verify taxable sales, the auditor analyzed all purchase invoices for the period between March 1, 1973 and May 31, 1973, and found that 29.7% of all purchases during that period were of taxable items. The taxable items were then broken down into categories, consisting of beer, soda, toiletries, candy, cigarettes, miscellaneous taxable groceries and other miscellaneous taxable items. Markups were then determined for each category purchased to obtain total sales for the test period. The taxable sales arrived at by the audit were then compared to the reported taxable sales for that quarter to determine a percentage of omission. In this audit period, the percentage of omission was applied to all quarters in the audit to arrive at taxable sales for each quarter. It was then determined that petitioner should be assessed for additional sales taxes in the amount of $11,116.70. In this proceeding, petitioner challenges the determination as being arbitrary and capricious, and not supported by substantial evidence. Petitioner contends that the use of a three-month test period for a period of 33 months was arbitrary and capricious; that the markups of purchases to determine sales prices were arbitrary; that the auditor failed to give credit for "loss leaders"; that the auditor failed to give credit for sales to exempt organizations; that the auditor permitted no deduction for the purchase of bags and other supply items. Subdivision (a) of section 1138 of the Tax Law allows the Tax Commission to determine the amount of tax due from "such information as may be available" and authorizes "If necessary" an estimate of the tax due "on the basis of external indices" including "purchases". Petitioner's dereliction in keeping proper records gave respondent no choice but to examine purchases to determine what items should have been taxed when resold. "This was entirely reasonable, authorized, by statute (Tax Law, § 1138, subd [a]), and reasonably calculated to reflect taxes due." *(Matter of Meyer v State Tax Comm., 61 AD2d 223, 227.)* Petitioner having neglected to keep requisite records of individual sales, resort to a test check period was proper. An item by item audit of all purchases during the 33-month period was not required *(Matter of Grant Co. v Joseph, 2 NY2d 196; Matter of Markowitz v State Tax Comm., 54 AD2d 1023, affd 44 NY2d 684).* Petitioner's contention that the markups of purchases to determine sale prices were arbitrary is without merit. No evidence was produced to establish what markups petitioner actually used for the various items, or that the markups used by the auditor were inaccurate or in excess of those used in similar businesses. This audit procedure was reasonable under the circumstances, and petitioner has failed to meet his burden of showing error *(Matter of Convissar v State Tax Comm., 69 AD2d 929).* Petitioner's contentions that the auditor failed to consider loss leaders is also without merit. While petitioner asserted that he used loss leaders to attract sales on a

weekly basis, he produced no evidence to establish whether the loss leaders consisted of taxable or nontaxable items, and he had no evidence of any sales or of the sales prices of any loss leaders. Similarly, his contention that he was not given credit for sales made to tax exempt organizations is without merit. Petitioner failed to show that he sold even one taxable item to an exempt organization. He, therefore, did not meet his burden of rebutting the presumption that all taxable items were sold in taxable transactions (Tax Law, § 1132, subd [c]; *Matter of Meyer v State Tax Comm., supra*). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.