■ In the Matter of MURRAY's WINES AND LIQUORS et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained the imposition of additional sales and use taxes in the amount of $10,403.76 for the period of March 1, 1973 through February 29, 1976. Petitioners operate a retail liquor store in Brooklyn, New York. In the month of May, 1976, an audit was made of petitioners' books and records for the period

from March 1, 1973 to February 29, 1976, from which it was determined that additional sales taxes were due for that period. The audit was based upon the test period method of accounting, a process whereby a fraction of the full tax period in question is subjected to a full audit and then extrapolated over the full period to arrive at the total tax liability. The Sales Tax Bureau ultimately assessed petitioners the amount of $9,206.19 plus penalty and interest of $4,562.60 for the a total due of $13,768.79. Petitioners appealed this determination to the State Tax Commission. After a small claims hearing held on December 18, 1978, the State Tax Commission accepted petitioners' schedule of business transactions for the month of June, 1973 and adjusted the test period figures for purchase allocation percentages regarding wines and liquors which had the effect of slightly reducing petitioners' tax liability. The Tax Commission also concluded that the Sales Tax Bureau overestimated the number of taxable sales and consequently adjusted downward the tax liability of petitioners. Although the Tax Commission confirmed the decision of the Sales Tax Bureau, a revised assessment of $10,403.76 was mandated. This proceeding ensued and petitioners contend, *inter alia,* that a complete audit should have been conducted and in any event the auditing method used by the Tax Commission was arbitrary and capricious. We disagree and find that the determination of the State Tax Commission is supported by substantial evidence in the record. Petitioners' laxity in keeping copies of individual sales receipts permitted the Tax Commission to utilize the test period method in computing petitioners' tax liability (Tax Law, § 1138, subd [a]; *Matter of Sakran v State Tax Comm.,* 73 AD2d 989, 990). An item by item audit of all purchases during the three-year period was impossible and, therefore, not required (*Matter of Chartair, Inc. v State Tax Comm.,* 65 AD2d 44). Further, petitioners' contention that they were not given credit for sales made to tax-exempt organizations is without merit. Petitioners failed to produce records of exempt sales. Thus, the presumption that all taxable items were sold in taxable transactions was not rebutted (Tax Law, § 1132, subd [c]; *Matter of Sakran v State Tax Comm., supra*). Finally, we reject petitioners' contention that the selection of April, 1976 as a test period was improper since it was not a month within the audit period. The choice of this month as a test period was not unreasonable (see *Matter of Convissar v State Tax Comm.,* 69 AD2d 929). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Mikoll and Casey, JJ., concur.