■ In the Matter of McCLUSKEY'S STEAK HOUSE, INC., Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which, with certain modifications, sustained an assessment of sales and use taxes against petitioner for the period September 1, 1971 through August 31, 1974. Petitioner's restaurant operations from September 1, 1971 through August 31, 1974 were audited by the Sales Tax Bureau and resulted in the issuance of a determination finding a sales and use tax deficiency, exclusive of interest and penalties, in the amount of $52,599.14. Following additional auditing tests and conferences with petitioner's representatives, a recommendation was made to reduce the deficiency to $9,198.90. Petitioner thereafter applied to have the determination revised and, after a hearing, respondent upheld the deficiency in the total sum of $7,922.73. Still dissatisfied, petitioner instituted the present article 78 proceeding to review the propriety of respondent's determination. Although petitioner registered numerous objections to the procedures employed in arriving at the challenged deficiency, its brief presses three specific complaints: (1) the allowances made for exempt sales and the cost of meals furnished to employees were inadequate; (2) the application of markup percentages to calculate actual sales was not warranted; and (3) the use of a one day test period to determine that there had been a failure to remit certain overcollections of sales tax was impermissible. In our opinion, while petitioner's first contention lacks substance, its remaining arguments possess some merit. Petitioner failed to substantiate the number or cost of items it allegedly donated to charitable groups or transferred under exempt circumstances. Similarly, the number of meals it served to employees without costs was not adequately documented, and the time records offered at the hearing do not demonstrate that the Sales Tax Bureau's estimation of a

lower number than claimed was unreasonable. Accordingly, insofar as the deficiency is partially based on consideration of these factors, we detect no error (see *Matter of Convissar v State Tax Comm.,* 69 AD2d 929, 930). Next, petitioner's failure to retain cash register tapes of bar sales plainly justified the use of an audit technique founded on markup percentages to ascertain the proper amount of tax due on liquor and beer sales *(Matter of Murray's Wines & Liqs. v State Tax Comm.,* 78 AD2d 947; *Matter of Sakran v State Tax Comm.,* 73 AD2d 989) and no defects in the final test results have been shown (cf. *Matter of Meyer v State Tax Comm.,* 61 AD2d 223, mot for lv to app den 44 NY2d 645). However, since it appears that individual guest checks reflecting meals sold during the audit period were available and complete, petitioner's food sales were not validly subject to analysis through the same testing methods *(Matter of Mohawk Airlines v Tully,* 75 AD2d 249; *Names in The News v New York State Tax Comm.,* 75 AD2d 145; *Matter of Chartair, Inc. v State Tax Comm.,* 65 AD2d 44). For the same reason, it was also improper to sample guest checks for a single day and, upon discovering that an overcollection of tax was not remitted, to spread the detected percentage of error over petitioner's sales for the entire three-year period at issue. Inasmuch as petitioner's ultimate tax liability was partially grounded on the flawed imputation of additional food sales and the failure to remit overcollected taxes, we must annul the present determination to that extent and remit the matter to respondent for further proceedings. Determination annulled, with costs, petition granted in part, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Weiss and Herlihy, JJ., concur.