■ In the Matter of EN-TOTO BEAUTIQUES OF MANHASSET, Appellant, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained, as modified, a sales tax assessment imposed pursuant to articles 28 and 29 of the Tax Law for the period June 1, 1972 through August 31, 1975. The determination under review in this proceeding imposed additional sales taxes upon petitioner, based upon an audit which had disallowed certain deductions taken by petitioner for sales made for resale and for out-of-State sales. Petitioner operates a boutique in Bayside, Queens, which sells women's apparel. It employs 10 to 12 persons and grosses approximately $48,000 per month. Petitioner contends that only 50% of that figure represents taxable sales and that the balance represents alterations, resales and out-of-State sales, which are nontaxable. Accordingly, the petitioner reported as gross sales only what it considered to be taxable. Based on an audit for the period from January 1, 1972 through August 31, 1975, which included an examination of the petitioner's sales invoices for the month of June, 1975,* it was determined that 65% ($16,580) of the claimed nontaxable sales should be disallowed for lack of substantiation. On April 5, 1976, a notice of determination and demand for payment of additional sales taxes was issued in the amount of $48,950.39, with penalties and interest of $18,861.17, for a total of $67,811.56. Petitioner requested and received a hearing on July 12, 1978 to prove the amount of its out-of-State sales and resales as statutory exemptions for sales tax. For the month of June, 1975, petitioner claimed a deduction of $25,328 from its gross sales for alterations, out-of-State sales and sales for resale. A check of the records of United Parcel Service concerning out-of-State sales did not justify the petitioner's claim of $15,726 and letters sent to petitioner's customers concerning sales for resale left $854 unverified. The auditor who conducted the audit determined that 65% of the claimed deductions ($16,580 of the $25,328 claimed) should be disallowed, and this figure was applied to the entire audit period. At the hearing, the petitioner submitted documentation of an additional $4,886.95 representing out-of-State sales and sales for resale during the test period, which was allowed, reducing the ratio of disallowed deductions from 65% to 46%, and the notice of determination was modified accordingly resulting in a demand for payment of $66,581.59 of sales tax including interest and penalties. Petitioner's plight is of its own making. It failed to separately state the amount of the sales tax required to be collected on sales slips or invoices, as required by section

---

* Originally June, 1974 was selected by the Tax Department for examination of sales invoices. The month was changed to June, 1975 when the petitioner advised it had no sales invoices prior to June, 1975.

1132 of the Tax Law, and failed to keep such sales slips or invoices for a period of three years, as required by section 1135 of the Tax Law. Therefore, the determination made by respondent from such information as may be available, pursuant to section 1138 of the Tax Law, was proper *(Matter of Murray's Wines & Liqs. v State Tax Comm.,* 78 AD2d 947). Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.