KENNETH L. AYERS, Appellant, v COUNTY OF GREENE et al., Respondents, et al., Defendants.

Third Department, November 25, 1987

## APPEARANCES OF COUNSEL

*Kenneth L. Ayers,* appellant *pro se.*

*George J. Pulver, Jr. (Robert G. Lyman, John P. Miller* and *Kenneth L. Gellhaus* of counsel), for County of Greene and others, respondents.

*McNamee, Lochner, Titus & Williams, P. C. (David J. Wukitsch* of counsel), for Norstar Bank, respondent.

## OPINION OF THE COURT

WEISS, J.

On June 19, 1985, the Greene County Legislature adopted a resolution authorizing "the reconstruction of various county roads * * * as described in the Five Year Highway Program". The resolution called for the issuance of $7,125,000 in county serial bonds and $375,000 in capital notes to finance the project. The resolution was published in full on June 25, 1985 in the Mountain Eagle, a county newspaper, in compliance with the 20-day notice provision set forth in Local Finance Law § 81.00 (a).* On August 6, 1985, defendant Edmund Armstrong, as County Treasurer, signed a certificate of determination authorizing the private sale of $1,900,000 of bond anticipation notes to defendant Schenectady Trust Company pursuant to the resolution. On or about July 15, 1986, plaintiff, a property owner and taxpayer, commenced the instant declaratory judgment action challenging the validity of the resolution and the bonds issued. Supreme Court dismissed the complaint on motion of defendants County of Greene, Armstrong and William E. Reich, the County Highway Superintendent, finding that plaintiff's action was time barred pursuant to Local Finance Law § 82.00. This appeal by plaintiff ensued.

We affirm. The gravamen of this appeal is whether this action, commenced approximately one year after publication

---

* Pursuant to Local Finance Law § 81.00 (a), the statutory notice must be in substantially the following form: " 'The resolution * * * published herewith has been adopted * * * and the validity of the obligations authorized by such resolution * * * may be hereafter contested only if such obligations were authorized for an object or purpose for which the [municipality] is not authorized to expend money or if the provisions of law which should have been complied with as of the date of publication of this notice were not substantially complied with, and an action, suit or proceeding contesting such validity is commenced within twenty days after the date of publication of this notice, or such obligations were authorized in violation of the provisions of the constitution' ".

of the challenged resolution, was properly dismissed as untimely pursuant to Local Finance Law § 82.00. That provision reads as follows:

"After the publication of a resolution, summary of such resolution or certificate together with such a notice, the validity of the obligations authorized thereby may be contested only if:

"1. Such obligations were authorized for an object or purpose for which the municipality, school district or district corporation is not authorized to expend money, or

"2. The provisions of law which should have been complied with at the date of the publication of such resolution, summary of such resolution or certificate were not substantially complied with, and an action, suit or proceeding contesting such validity is commenced within twenty days after such publication, or

"3. Such obligations were authorized in violation of the provisions of the constitution" (Local Finance Law § 82.00).

In effect, any challenge to the validity of a resolution must be made within 20 days of publication, unless premised on constitutional grounds *(Blomquist v County of Orange,* 69 Misc 2d 1077, 1078; *see Matter of Servomation Corp. v State Tax Commn.,* 60 AD2d 374, 377). We find the complaint effectively propounds statutory irregularities that may not be raised beyond the 20-day limit. For example, plaintiff's assertions that the highway program incorporated by reference in the resolution was not on file in the County Clerk's office and that Armstrong did not properly file the certificate of determination with the finance board prior to issuance of the notes *(see,* Local Finance Law § 11.00 [b]) are not objections of constitutional dimension. Such challenges are foreclosed by the time limitations set forth in Local Finance Law § 82.00.

Plaintiff maintains, nonetheless, that the resolution is unconstitutional since the project descriptions are not sufficiently specific to determine whether the periods of indebtedness contracted for will exceed the probable usefulness of each particular project. Again, we agree with Supreme Court that the resolution adequately sets forth both the purpose and probable useful life of the projects to be undertaken.

NY Constitution, article VIII, § 2 provides, in relevant part, that: "No county * * * shall contract any indebtedness except for county * * * purposes * * * No indebtedness shall be contracted for longer than the period of probable usefulness of

the object or purpose for which such indebtedness is to be contracted". This constitutional restriction is designed to protect the municipal fisc by prohibiting expenditures for other than county purposes, i.e., to benefit a private party *(Blomquist v County of Orange, supra,* at 1078-1079). Contrary to plaintiff's interpretation, the subject resolution refers to a *class* of objects and purposes, not *specific* projects, and thus the generally stated purpose of reconstructing "various county roads" passes constitutional muster *(see,* Local Finance Law § 32.00 [1]; *Morris v Cahill,* 96 AD2d 88, 93-94; *Blomquist v County of Orange, supra).* The resolution further sets forth the maximum debt to be incurred and the probable useful life for each *class* of road reconstruction to be performed *(see,* Local Finance Law § 11.00 [a] [20]; § 32.00 [4]; *Morris v Cahill, supra,* at 93-94). Although the resolution does not state the maturity date of the bonds to be issued, it does expressly require that the bonds mature "on or before the date of the expiration of the useful life of the object or purpose involved". By its terms, the resolution adequately provides that the period of indebtedness may not exceed a project's period of probable usefulness in accord with both statutory and constitutional requirements *(see,* NY Const, art VIII, § 2; Local Finance Law § 11.00 [a]). Further specificity is simply not required *(see, Morris v Cahill, supra,* at 93-94).

Finally, we are not persuaded by plaintiff's contention that the 20-day limitation set forth in Local Finance Law § 82.00 was tolled by the county's failure to properly publish the resolution. This is not an instance where no notice was provided *(cf. Bigar v Heller,* 96 AD2d 567; *Matter of Niegocki v Town of Brookhaven,* 5 AD2d 999). Here, the resolution was published in full and, despite the claimed irregularities, provided adequate notice of the county's road reconstruction plans.

MAHONEY, P. J., KANE, CASEY and HARVEY, JJ., concur.

Order affirmed, with costs.