In the Matter of AGNES HILLMAN, as Executrix of HILDEMAR M. HILLMAN, Deceased, Petitioner, v. STATE TAX COMMISSION, Respondent.

Third Department, July 23, 1968.

*Warner & Birdsall* (*James E. Birdsall* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Robert W. Bush* and *Ruth Kessler Toch* of counsel), for respondent.

STALEY, JR., J. This is a proceeding under CPLR article 78 and sections 199 and 375 of the Tax Law (transferred to the

Appellate Division of the Supreme Court in the Third Department by an order of the Supreme Court at Special Term, entered in Albany County), to review a determination of the State Tax Commission.

The petitioner, Agnes Hillman, is the executrix under the last will and testament of Hildemar M. Hillman who died on May 10, 1957, a resident of the County of Kings. The assets of the estate were valued at $1,145,801.30. Part of these assets consisted of $42,500 in cash which, prior to decedent's death, had been deposited in a safe-deposit box in the Chase Manhattan Bank, 25 Broadway in the City of New York.

The petitioner, as executrix, reported the presence of this cash in a report to the United States Internal Revenue Service, and to the Department of Taxation and Finance of the State of New York. The United States Internal Revenue Service audited the estate tax return and income tax return of the decedent filed prior to his death, and determined that the $42,500 in cash did not represent income on which no taxes had been paid.

The Department of Taxation and Finance also audited the estate tax return and income tax returns of the decedent for the years 1955, 1956 and 1957, and determined that the cash in the safe-deposit box represented income on which no tax had been paid, and allocated $18,000 to each of the years 1955 and 1956, and $6,500 to the year 1957. As a result of this determination, additional taxes were assessed against the estate. The executrix paid all of these assessments and, on or about December 14, 1960, applied for a refund of the amounts paid on the ground that the $42,500 in cash did not represent taxable income on which no tax had been paid.

On September 15, 1961 the applications for refund were denied, whereupon the petitioner demanded a hearing which was held on November 16, 1964.

The State Tax Commission, on May 2, 1966, denied the applications for refund, and determined that '' the unsubstantiated funds in the safe-deposit box in the sum of $42,500 constituted additional personal and unincorporated business tax income of the decedent taxpayer for the years 1955, 1956 and 1957 '', and that the additional income was properly prorated.

Thereafter, the petitioner commenced this proceeding to review the determination of the State Tax Commission alleging, among other things, that the determination was not supported by substantial evidence on the entire record; that the sole and only basis for assessment of the additional taxes was the physical presence of the cash in the safe-deposit box; and, that the allocation of the cash, as additional income over the

three years in question, 1955, 1956 and 1957, was completely arbitrary.

The State Tax Commission contends that the burden of proof to overcome the assessments rests upon the taxpayer; and that, if there are facts or reasonable inferences to be drawn from the record to support the determination, the assessments must be confirmed. These principles have long been recognized as being applicable to a proceeding to review a determination of the State Tax Commission. (*Matter of Young* v. *Bragalini,* 3 N Y 2d 602.) On the other hand, it cannot be seriously contended that the Legislature ever intended to permit the assessment of additional taxes without any basis for so doing, and for the sole purpose of collecting additional taxes. Thus, we are required to confirm the determination if there are facts to sustain the determination which indicate that it was not arbitrary or capricious, (*People ex rel. Freeborn & Co.* v. *Graves,* 257 App. Div. 587; *Matter of Calder* v. *Graves,* 261 App. Div. 90, affd. 286 N. Y. 643.)

The basis for the assessment of the additional taxes was petitioner's report that she had withdrawn $42,500 in cash from the safe-deposit box shortly prior to decedent's death; that the explanation made to the Tax Examiner of the source of funds was not satisfactory to him; that the allocation was made by him over the three-year period because that was the period of his audit without extending the statute or going prior to it. It thus appears that the basis for the imposition of the additional taxes was the mere fact that the cash existed.

Since the taxpayer was deceased, the executrix submitted the best evidence available to her as to the possible source of the cash in the safe-deposit box. This consisted of her affidavit with respect to a sale of stock in 1947 reflected in the decedent's 1947 tax return as a capital gain in the sum of $150,000; the testimony of the decedent's accountant that in 1954 the decedent told him that he had a substantial amount of cash in a vault arising from the sale of this stock; the testimony of an officer of the Chase Manhattan Bank that the decedent frequently cashed checks from personal accounts and from business accounts ranging from $1,000 to $10,000; that after the decedent cashed these checks, he would usually go directly to the safe-deposit box; that, although it was not his practice to accompany the decedent to the safe-deposit box, he did on one occasion witness the decedent depositing a cash withdrawal in the safe-deposit box; that, at the time of his death, decedent had approximately $150,000 on deposit in noninterest bearing checking accounts; that the decedent had made substantial charitable

contributions in cash over the years; and, that the decedent referred to his embarrassment during the bank holiday of 1933 as the reason for making cash withdrawals.

On the record the State Tax Commission determined that the contentions of the petitioner were not supported by the credible evidence and, to lend support to this determination, alludes to the fact that no satisfactory explanation was given as to the depletion of the $150,000 claimed to have been placed in the safe-deposit box; and, that the executrix was unable to produce proof of the checks received from the sale of stock, or to submit proof that they were actually cashed.

The decedent here was a responsible citizen and taxpayer; his books and records have not been challenged; there is no evidence of any source of income received by him except from his legitimate business activities; and, there is no indication of any other source from which the cash could have come, except from withdrawals from checking accounts of moneys on which he had paid full taxes. There is insufficient evidence to support any reasonable inference that the cash represented income on which taxes had not been paid.

While the action of the Commissioner in the first instance is presumed to be correct (*Matter of Calder* v. *Graves,* 261 App. Div. 90, affd. 286 N. Y. 643, *supra*), in our opinion the petitioner has fully and satisfactorily explained the presence of the $42,500 in cash which was in the safe-deposit box; and, the determination is arbitrary, capricious, unreasonable and erroneous. The determination of the State Tax Commission must, therefore, be annulled and the State Tax Commission directed to refund to the petitioner the amounts of the additional taxes and interest paid thereon.

The determination of the State Tax Commission should be annulled.

Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.

Determination annulled, with costs.