In the Matter of DAVID A. GOLDNER, Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, December 15, 1977

APPEARANCES OF COUNSEL

*David Vanderpool* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

## OPINION OF THE COURT

KANE, J.

Respondent's assessment sought to recover additional personal income taxes from the petitioner for the year 1956. It was claimed that petitioner had understated his income and that certain deductions claimed by him for that year should not be allowed. His request for a revision of this assessment was denied and he thereafter demanded a hearing on the matter which was ultimately conducted in 1971. Respondent's determination, made in October of 1974, canceled a penalty for fraud, but otherwise sustained the initial assessment. The proper amount of tax due, if any, is not contested and the only issue of merit presented is whether the determination is supported by substantial evidence.

■ As to the deductions from gross income claimed by petitioner and disputed herein, we agree with respondent that the burden was on him to establish his entitlement thereto. He failed to do so at the hearing or to avail himself of an opportunity to support his position following its conclusion. The record is thus barren of any justification whatsoever for the challenged deductions and that portion of the assessment which is founded on the disallowance of such deductions was plainly warranted. However, we conclude that there was no substantial evidence buttressing the instant determination insofar as it rests on the imputation of additional gross income to petitioner.

■ The record discloses that the amount of such income was computed by totaling certain checks issued by petitioner in 1956 to various clients. Petitioner was an attorney at the time and respondent postulated that the proceeds of those checks had actually been kept by petitioner as legal fees and had never been received by the payees as part of the distribution of funds received in settlement of their respective lawsuits. An investigator testified at the hearing that he became aware of this device for understating income from the report of a Justice of the Supreme Court made in connection with professional disciplinary proceedings against petitioner as supplemented by an affidavit of an accountant prepared in connection with that report listing checks during 1956 which appeared to conform to that pattern. The report and an unsigned copy of the affidavit were introduced as exhibits at the hearing. However, the investigator had no independent knowledge of the transactions recited in those documents and none

of the clients in whose favor the questioned checks were drawn testified for respondent. Consequently, while respondent could and obviously did reject petitioner's explanation for the issuance of those checks, there was nothing but hearsay indicating that the amounts thereof had been retained by petitioner. With regard to some of the checks, the report made specific findings, derived from clients' testimony, to the effect that petitioner had indeed secured the proceeds for his own use. We have no reason to doubt the accuracy of that report; nevertheless, it constituted hearsay in this proceeding and, no matter how admissible or believable it may be, a determination resting solely thereon is not reasonable when it lacks the support of other competent proof. There is no such other evidence here and the instant determination should be modified accordingly (see *Matter of Schadt v Sardino,* 48 AD2d 171). We have examined petitioner's remaining arguments and find them to be without merit.

The determination should be modified by annulling so much thereof as imposed additional personal income taxes on petitioner based on the understatement of his gross income for the year 1956; matter remitted to respondent for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs.

HERLIHY, J. (concurring in part and dissenting in part). I agree with the majority that the determination of the State Tax Commission must be confirmed as to the disallowance of deductions from gross income, but I disagree with the conclusion that insofar as the assessment was based on additional income it must be annulled.

It is well established that as to the assessment, all that is necessary is that it be founded upon a sound basis. "[W]e are required to confirm the determination if there are facts to sustain the determination which indicate that it was not arbitrary or capricious". *(Matter of Hillman v State Tax Comm.,* 30 AD2d 362, 364.) It has been held that "[t]he burden of proof to overcome tax assessments rests upon the taxpayer". *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195.)

While the evidence in this case may be hearsay or not verified by direct evidence on behalf of the State, nevertheless, the burden was on the taxpayer petitioner. The hearing was held for his benefit to challenge the assessment and not for the purpose of requiring the State to establish its position by

legally competent proof prior to evidence on behalf of petitioner requiring such action. In the present case there was nothing presented by petitioner except his self-serving testimony and, as noted by the majority, the respondent could reject that evidence on credibility. The evidence before the respondent was more than adequate from a probative standpoint to justify the assessment in the first instance.

The determination should be confirmed in its entirety.

GREENBLOTT, J. P., MAHONEY and MIKOLL, JJ., concur with KANE, J.; HERLIHY, J., concurs in part and dissents in part in an opinion.

Determination modified by annulling so much thereof as imposed additional personal income taxes on petitioner based on the understatement of his gross income for the year 1956; matter remitted to respondent for further proceedings not inconsistent herewith, and, as so modified, confirmed, without costs.