NAMES IN THE NEWS, INC., et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, June 26, 1980

APPEARANCES OF COUNSEL

*Dirk S. Gould* for petitioners.

*Robert Abrams, Attorney-General (Francis V. Dow, Shirley Adelson Siegel* and *Jeremiah Jochnowitz* of counsel), for respondent.

## OPINION OF THE COURT

MAIN, J.

■ Petitioner Names In The News, Inc., is a corporation engaged as a broker or middleman bringing together buyers and sellers of lists of names to be used as mailing lists, and the individual petitioners are officers of the corporation. At issue in this proceeding is the State Tax Commission's action in sustaining a sales and use tax assessment against petitioners for the period September 1, 1971 through August 31, 1974 relative to transactions whereby various mailing lists were rented through the brokerage services of the petitioner corporation. Basically, the situation presented here is identical to that found in *Matter of Drey Co. v State Tax Comm.* (67 AD2d 1055, mot for lv to app den 47 NY2d 708), and in accordance with our decision in that case, it is clear that the subject transactions are taxable under section 1105 of the Tax Law and that the Tax Commission could properly hold petitioners liable for the collection and payment of the tax as agent for the vendors of the mailing lists.

That being so, we must nonetheless annul the Tax Commission's determination because of the method adopted by the State Sales Tax Bureau to determine the amount of petitioners' tax deficiency. In this instance, rather than make a detailed audit of petitioners' business from September 1, 1971 through August 31, 1974, the Tax Bureau adopted a test period of three months, i.e., March, April and August of 1974, and examined petitioners' records for those months. It then determined the amount of petitioners' tax deficiency on an estimate basis by projecting its findings relative to petitioners' business during the test months over the entire three-year period under review. According to the testimony of an Associate Sales Tax Examiner for the State, the test period approach was utilized by the Tax Bureau because petitioners' records were "too voluminous" and it was the bureau's normal auditing procedure to use a trial period. This same examiner conceded, however, that petitioners' general ledger, purchase

invoices, sales invoices and Federal tax returns were available to the bureau and that no request for information or documents was refused or rejected by petitioners, and upon the present record it can only be concluded that the State's auditors had access to petitioners' detailed records for the whole three-year period, a vastly different situation from that encountered in *Matter of Meyer v State Tax Comm.* (61 AD2d 223, mot for lv to app den 44 NY2d 645) where this court approved an analysis of purchases and that in *Matter of Markowitz v State Tax Comm.* (54 AD2d 1023, affd 44 NY2d 684) where we approved a test period or spot check only because of the inadequacies in methods and procedures and failure to maintain proper records. Moreover, petitioners objected to the bureau's auditing procedures in the manner provided in 20 NYCRR 601.3, and, consequently, they did not acquiesce in or waive their right to challenge the audit.

■ Under these circumstances, the bureau's use of the test period to compute petitioners' tax liability was plainly unnecessary, arbitrary and capricious, and petitioners were entitled to have their tax assessment calculated based upon a detailed audit of their records for the three-year period under consideration *(Matter of Mohawk Airlines v Tully,* 75 AD2d 249; *Matter of Chartair, Inc. v State Tax Comm.,* 65 AD2d 44). Accordingly, this matter must be remitted for further proceedings, and, consequently, we reach no other issue.

The determination should be annulled, with costs, the petition granted, and the matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.

GREENBLOTT, J. P., STALEY, JR., MIKOLL and HERLIHY, JJ., concur.

Determination annulled, with costs, petition granted, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.