■ In the Matter of HARD FACE WELDING AND MACHINE COMPANY, INC., Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which modified an assessment for sales and use taxes imposed under articles 28 and 29 of the Tax Law. Petitioner is a corporation engaged principally in the application of hard facing alloys, ceramics and cermets (mixtures of metal and ceramic) to various metal parts by various processes to increase their abrasion, wear, heat and corrosion resistance. Petitioner has classified its work into five categories. In two of the categories, petitioner's customer supplies either a new or used part which petitioner prepares, coats and finishes. In two other categories, petitioner purchases the raw materials and manufactures the new part to the customer's specifications, with or without a coating. In the fifth category, which does not involve coating, the customer supplies new or used parts which petitioner machines, finishes and/or assembles. The State Tax Commission determined that with regard to the two categories where petitioner purchases the raw material and manufactures the new parts, petitioner is engaged in the production of tangible personal property for sale, but that with regard to the other three categories, petitioner is performing a service. Based upon an audit of invoices

covering a one-month test period, the commission found that the majority of petitioner's work fell into the three categories that the commission had characterized as services. These determinations affect petitioner's liability for State and local sales taxes on its purchases of metals, gases, other supplies, machinery and equipment used by petitioner in its business (see Tax Law, § 1101, subd [b], par [4]; § 1105, subd [a]; § 1115, subd [a], par [12]; § 1115, subd [c]; § 1210, subd [a]). In our view, the distinction drawn by the commission in determining whether petitioner's various operations constitute the production of tangible personal property has a rational basis and should not be disturbed. Where petitioner manufactures a new part from raw materials, whether a coating is applied or not, the newly created object has an identity separate and distinct from the identities of its various components which are lost in the process. In contrast, where the customer supplies the part, which petitioner machines, finishes and/or coats, the fundamental identity of the part remains the same, although certain of its characteristics, such as resistance to heat and abrasion, may have been significantly altered. Accordingly, we reject petitioner's contention that the commission erred in finding that petitioner was engaged in anything other than the production of tangible personal property. We reach a contrary result, however, with regard to the one-month test period used by the tax examiner in his field audit. The record reveals that petitioner maintained detailed job sheets for all work performed during the audit period which show the classification into which each job fell and the number of hours that each of petitioner's various machines were used for each job. Accordingly, there was no insufficiency of record keeping to justify resort to estimates based upon invoices from a one-month test period and, therefore, the determination based upon such an estimate procedure lacks a rational basis and must be annulled *(Matter of Chartair, Inc. v State Tax Comm.,* 65 AD2d 44). We reject the Tax Commission's contention that petitioner acquiesced in or waived its objection to the use of the one-month test period. There is nothing in the record to suggest that petitioner's conduct amounted to acquiescence (see *Matter of Commodore Hotel v Gerosa,* 2 AD2d 586), and the petition submitted to the State Tax Commission pursuant to section 1138 of the Tax Law and 20 NYCRR 601.3 alleged that the Sales Tax Bureau erred in imposing the sales taxes for the audit period, thereby objecting, at least in general terms, to the audit procedure (see *Names in the News v New York State Tax Comm.,* 75 AD2d 145, 147). Section 1138 (subd [a], par [4]) of the Tax Law authorizes the commencement of an article 78 proceeding to review a determination "for error, illegality or unconstitutionality or any other reason whatsoever", and, as noted above, the use of the test period when adequate records existed rendered the determination invalid. The case relied upon by the Tax Commission involved procedural irregularities in the tax determination *(Matter of Malkin v Tully,* 65 AD2d 228; see, also, *Matter of Convissar v State Tax Comm.,* 69 AD2d 929), rather than substantive defects — an important distinction (see *Matter of Servomation Corp. v State Tax Comm.,* 60 AD2d 374, 377). Finally, we note that the petition herein refers to the one-month test period and objects to the audit procedure. Thus, contrary to respondent's assertion, the matter has not been presented for the first time in petitioner's brief. Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.