■ In the Matter of ALLIED NEW YORK SERVICES, INC., Petitioner, v JAMES H. TULLY, JR., et al., Constituting the Tax Commission of the State of New York, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which modified a sales and use tax assessment imposed under subdivision (c) of section 1105 of the Tax Law. Petitioner is engaged in a business which, *inter alia,* provides building cleaning, janitorial and equipment maintenance services for several department stores in New York City. Petitioner neither charged these customers, nor itself paid, sales tax on those services performed by its mechanical department which petitioner has characterized as operation and preventive maintenance. Upon an audit, the respondent commission determined that none of the services performed by the mechanical department was exempt from sales tax and, utilizing a test-period method, assessed

$46,611.66 plus penalties and interest against petitioner. Upon a hearing following protest, the determination was modified only to the extent of reducing the interest and penalty and was otherwise affirmed. Petitioner thereupon commenced this proceeding. We are called upon to interpret section 1105 (subd [c], par [5]) of the Tax Law to determine whether the services performed by petitioner's mechanical department should be entitled to the exemption from sales tax provided therein as "maintenance services performed on a regular contractual basis for a term of not less than 30 days". Respondent found that the mechanical department's work included: starting and stopping of equipment such as air-conditioning systems, turbines, chillers, compressors, pumps, boilers, water and disposal units; adjusting thermostats and various equipment; reading gauges and lubricating equipment; cleaning filters, steam traps and liquid filter mediums; cleaning air-conditioning and heating systems, heating coils, chill-water coils and steam coils, filters and strainers; as well as cleaning outlets from stoves, ovens and plumbing fixtures. Respondent concluded that the services constituted major repairs on tangible personal property, not performed upon any regular contractual basis. It further upheld the test-period method of audit because the return filed was incorrect or insufficient. Review of determinations by the State Tax Commission is narrowed by well-established principles. The burden of proof to overcome tax assessments rests upon the taxpayer *(Matter of Young v Bragalini,* 3 NY2d 602, 605; *Matter of Hillman v State Tax Comm.,* 30 AD2d 362, 364). "If there are any facts or reasonable inferences from the facts to sustain it, the court must confirm the Tax Commission's determination. Thus, a determination of the Tax Commission will not be disturbed by the courts unless shown to be erroneous, arbitrary or capricious" *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195-196). The evidence in the record demonstrates that respondent's determination was based principally upon analysis of the nature of the work performed by maintenance personnel and the trade classification of the employees who performed such work. Respondent, for example, categorized work performed by highly skilled employees such as pipefitters and engineers in maintaining and overhauling air-conditioning plants and by electricians and foremen to be of a repair nature and, thus, taxable. We recognize that distinctions have previously been made by the courts between maintenance and repairs. In *Direen Operating Corp. v State Tax Comm.* (46 AD2d 191, 193), this court held that maintenance work such as "occasionally releas[ing] a stuck window [or] replac[ing] a washer in a leaky faucet" constituted "simple repairs" and was exempt from sales tax. In *Matter of National Elevator Ind. v New York State Tax Comm.* (49 NY2d 538), the application of the instant statutory exclusion to services for elevator repairs was upheld. On the other hand, a determination holding that services in cleaning industrial machinery were of a "'specialized, technical nature requiring custom fabricated equipment and skilled laborers'" and thus did not come within the exclusion, was held not to be arbitrary or capricious *(Matter of Heist Corp. v State Tax Comm.,* 50 NY2d 438, 444). A statute or regulation authorizing an exemption will be construed against the taxpayer *(Engle v Talarico,* 33 NY2d 237, 240; *People ex rel. Watchtower Bible & Tract Soc. v Haring,* 8 NY2d 350, 358). On the record before us, we cannot say that respondent's determination that services performed by the highly skilled tradesmen in petitioner's maintenance department were not entitled to exemption from sales tax was erroneous, arbitrary or capricious (see *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195-196, *supra).* We reach a contrary result, however, with regard to the one-month test period used by respondent. It clearly appears that petitioner's records for the entire audit period were available and that it maintained separate records for each of its customers from which the nature of the services

performed and the number of hours worked by its specific employees thereon could be readily ascertained. Accordingly, there was no insufficiency of record keeping to justify resort to estimates based upon invoices from a one-month test period. This court has held that a determination based upon such an estimate procedure in similar circumstances lacks a rational basis and must be annulled *(Matter of Hard Face Welding & Mach. Co. v State Tax Comm.,* 81 AD2d 967; see, also, *Matter of Chartair, Inc. v State Tax Comm.,* 65 AD2d 44). Petitioner is entitled to have its tax assessment calculated upon a detailed audit of its records for the entire audit period *(Names in The News v New York State Tax Comm.,* 75 AD2d 145; *Matter of Mohawk Airlines v Tully,* 75 AD2d 249; *Matter of Chartair, Inc. v State Tax Comm.,* 65 AD2d 44, *supra).* Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.