■ In the Matter of SURFACE LINE OPERATORS FRATERNAL ORGANIZATION, INC., Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax

Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which modified and sustained a sales and use tax assessment imposed under articles 28 and 29 of the Tax Law for the period March 1, 1972 through February 28, 1975. Petitioner, Surface Line Operators Fraternal Organization, Inc., occupies premises at 436-438 Willoughby Avenue in Brooklyn, New York. Its facilities include a basement recreation area, a ground floor bar and lounge and an upstairs banquet hall which is used by the organization for its special events and is also leased for nonmember events or activities. Petitioner's revenues are derived primarily from membership dues, rental of the banquet hall facilities and from the sale of beer and liquor at its lounge. Following an audit which included the use of a test period, the Sales Tax Bureau issued a notice of determination imposing an additional sales tax against petitioner and respondent commission upheld the imposition of the additional tax. Petitioner then commenced this proceeding and contends that its due process rights were violated; the method of computation was incomplete, arbitrary and capricious and that it is an exempt corporation under section 1105 (subd [f], par [2]) and subdivision (a) of section 1116 of the Tax Law. We find no merit in any of these contentions. Petitioner's due process argument is primarily bottomed upon its claim that it was denied the opportunity to introduce certain documents, records or statements. Perusal of the record, however, demonstrates that petitioner was granted the precise time it requested for that purpose and that some documents were submitted and received. Accordingly, no violation of due process is evident. Concerning petitioner's contention that the audit was improper, the auditor's testimony that petitioner's representative agreed to the test period method stands uncontradicted in the record. Moreover, while petitioner suggests that records were available, it appears from the record that, if there were records, they were incomplete or unavailable. When records are not provided or are incomplete and insufficient, it is respondent's duty to select a method reasonably calculated to reflect the taxes due (*Matter of Grant Co. v Joseph,* 2 NY2d 196, 206; *Matter of Meyer v State Tax Comm.,* 61 AD2d 223). The burden then rests upon the taxpayer to demonstrate by clear and convincing evidence that the method of audit or the amount of the tax assessed was erroneous (cf. *Matter of Murray's Wines & Liqs. v State Tax Comm.,* 78 AD2d 947; *Matter of Convissar v State Tax Comm.,* 69 AD2d 929; *Matter of Markowitz v State Tax Comm.,* 54 AD2d 1023, affd 44 NY2d 684). Lastly, there is not a shred of evidence in the record to demonstrate petitioner's entitlement to any exemption. Petitioner apparently relies on the fact that its certificate of incorporation and the amendment thereto make reference to a charitable purpose. Overlooked by petitioner is the test to be applied. Theoretical purposes are meaningless and the tax liability is determined from review of the actual performance or activity of the taxpayer (*Matter of Merrick Estates Civic Assn. v State Tax Comm.,* 65 AD2d 669). Determination confirmed, and petition dismissed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Herlihy, JJ., concur.