■ READER'S DIGEST ASSOCIATION, INC., Appellant, v MARK FRIEDLANDER et al., Respondents. — In an action to declare certain tax assessments to be invalid, plaintiff appeals from so much of a judgment of the Supreme Court, Westchester County (Buell, J.), entered March 30, 1983, as granted that branch of defendants' motion which sought to dismiss the complaint with respect to the period from December 1, 1973 through February 28, 1981, for failure to exhaust administrative remedies. ¶ Judgment affirmed insofar as appealed from, without costs or disbursements. ¶ In March, 1982, the State Tax Commission of New York (commission) issued four sales tax assessment determinations against plaintiff for the period beginning March 1, 1970 and ending February 28, 1981, alleging a tax deficiency in excess of $2,000,000. The tax determinations were based on a one-month test-period audit conducted in December, 1978 by the commission. Plaintiff had not consented to the test period audit. ¶ In June, 1982, plaintiff filed a notice of petition with the commission pursuant to section 1138 (subd [a], par [1]) of the Tax Law, protesting the sales tax assessments. Prior to an administrative hearing, however, plaintiff instituted the instant action seeking a declaration that the March, 1982 tax determinations were invalid. Plaintiff alleged that the assessments were void because the commission is not permitted to employ a test-period audit to assess a taxpayer's liability unless that taxpayer's records are insufficient and incomplete. Plaintiff asserted that its records were adequate and complete. ¶ Special Term dismissed so much of the complaint as related to the assessments for the period from December 1, 1973 through February 28, 1981, holding that plaintiff was required to exhaust the administrative remedies provided in section 1138 of the Tax Law before seeking judicial relief. We agree. ¶ Section 1138 (subd [a], par [1]) of the Tax Law provides, *inter alia,* that in the event a tax return is not filed, or if filed, the return is insufficient or incorrect, the commission may determine the correct amount due from the information available to it or, if necessary, the tax may be estimated "on the basis of external indices, such as stock on hand, purchases, rental paid, number of rooms, location, scale of rents or charges, comparable rents or charges, type of accommodations and service, number of employees or other factors". Section 1138 (subd [a], pars [1], [4]) outlines the procedures for administrative review of the commission's determination. Section 1140 of the Tax Law further provides, in pertinent part, that the remedy provided in section 1138 shall be the exclusive remedy available to a taxpayer seeking review of a tax assessment imposed by article 28 of the Tax Law. ¶ It is well settled that a tax review plaintiff must exhaust statutory or administrative remedies before requesting judicial intervention for declaratory relief. The three limited exceptions to this rule are where the plaintiff challenges the constitutionality of a statute, its applicability, or where there is a claim that the agency exceeded the scope of its jurisdiction (*Harcel Liqs. v Evsam Parking,*

48 NY2d 503; *Brown v New York State Tax Comm.*, 199 Misc 349, affd 279 App Div 837, affd 304 NY 651; *Dun & Bradstreet v City of New York,* 276 NY 198). ¶ Here the question is whether the commission exceeded its jurisdiction in issuing the determinations. If it did, the action of course lies; but if the tax determinations merely were arbitrary, capricious or lacked a rational basis, plaintiff is required to exhaust the available administrative remedies. ¶ There is substantial authority for the proposition that a taxpayer who maintains adequate and complete records is entitled to a full audit and it is improper for the commission not to utilize those records and to employ instead a test-period audit to assess the taxpayer's liability without the taxpayer's consent. In such a case, the tax determination based upon a test-period audit will be annulled on the grounds that it is arbitrary and capricious and lacks a rational basis but not because the commission exceeded its authority (see *Matter of Allied N. Y. Servs. v Tully,* 83 AD2d 727; *Matter of Hard Face Welding & Mach. Co. v State Tax Comm.,* 81 AD2d 967). Therefore, it would appear clear that plaintiff is not entitled to declaratory relief but is required to exhaust its administrative remedies pursuant to section 1138 (subd [a], pars [1], [4]) of the Tax Law. ¶ This case is distinguishable from *Brown v New York State Tax Comm.* (*supra*) upon which plaintiff relies. In *Brown* (*supra*) the taxpayer filed an income tax return with the commission for the year 1946. Immediately prior to the expiration of the then applicable three-year Statute of Limitations which limited the commission's power to review a tax return and assess an additional tax liability (Tax Law, former § 373), the taxpayer was served with a notice of an additional assessment which added a sum in excess of $5,000 to the taxpayer's reported 1946 income. The additional assessment was not based upon any facts, figures or information of any kind in the commission's possession and was not based upon any audit or examination of the taxpayer's records. The notice of an additional assessment was apparently served to procure for the commission an extension of time in which to make a valid determination of taxes due from the taxpayer for the year 1946. The taxpayer instituted a declaratory judgment action which the commission sought to have dismissed for failure to exhaust administrative remedies. The *Brown* (*supra*) court determined that the commission exceeded its statutory authority in issuing the notice of an additional assessment because it was not based upon any information and was totally fictitious. Accordingly, the *Brown* (*supra*) court held that since the commission acted entirely without jurisdiction, the remedy of declaratory relief was appropriate and the taxpayer was not required to exhaust his administrative remedies. ¶ Here the tax assessment determinations issued by the commission were not totally fictitious but were based upon the information obtained through the one-month test-period audit of plaintiff's records conducted by the commission. The commission acted under its authority pursuant to section 1138 (subd [a], par [1]) of the Tax Law since it obviously considered plaintiff's tax records to be inadequate. Whether these records were, in fact, complete and adequate and whether the tax determinations based on a one-month test-period audit can survive scrutiny must be determined by the administrative process subject to ultimate judicial review in a proceeding pursuant to CPLR article 78 (Tax Law, § 1138, subd [a], pars [1], [4]). Lazer, J. P., Niehoff, Boyers and Lawrence, JJ., concur.