■ In the Matter of JAMES G. KENNEDY & COMPANY, INC., et al., Petitioners, v RODERICK G. W. CHU, as Commissioner of Taxation and Finance of the State of New York, et al., Respondents.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law article 28.

Petitioners are a general building contractor licensed to do business in New York and two of its principal officers. To determine whether sales taxes had been properly paid on purchases and collected on sales of services made by petitioners, the Audit Division of the Department of Taxation and Finance conducted an audit of petitioners' books for the period of March 1, 1975 through May 31, 1979.

Even though petitioners' books and records were admittedly adequate and available for examination, the "test period" audit method was employed. At the outset of the audit, petitioners' certified public accountant and representative at the audit verbally agreed to this procedure. In auditing petitioners' sales and purchases, the test periods used were two weeks and two months, respectively.

After an informal conference, the initial proposed audit adjustment reflecting additional tax due of $259,285.74 was reduced to $43,131.03 and following a formal hearing before respondent State Tax Commission was decreased even further. Still dissatisfied, petitioners initiated this CPLR article 78 proceeding.

Petitioners' main contention is that resort to a test period audit was impermissible under Tax Law § 1138 (a) (1). They note the statute provides that "the amount of tax due shall be determined by the tax commission from such information as may be available that if necessary the tax may be estimated

on the basis of external indices", but that *Matter of Chartair, Inc. v State Tax Commn.* (65 AD2d 44) has made clear that "if records are available from which an exact amount of tax can be determined * * * estimate procedures adopted by the tax commission become arbitrary and capricious and lack a rational basis" *(id., p 46)*.

*Chartair* recognizes a taxpayer's right, when its records are sufficient to do so, to have an actual audit *(see,* Brown, *State Taxation,* 33 Syr L Rev 457, 467-468). And *Matter of Surface Line Operators Fraternal Org. v Tully* (85 AD2d 858) is not, as respondents suggest, to the contrary for there the records, if there were any, were incomplete or unavailable *(id.,* p 859). Given the unquestioned availability and completeness of petitioners' books and records, respondents' reliance on estimation procedures to determine the tax due was indefensible *(see, Matter of Mohawk Airlines v Tully,* 75 AD2d 249), unless, of course, as respondents claim, petitioners' audit spokesman knowingly waived their right to an unabridged audit.

"Waiver" contemplates the "intentional relinquishment of a known right"; it must be clearly established, not inferred from doubtful or equivocal acts or language, and the burden of proof is on the one asserting the right was waived *(Matter of East 56th Plaza v Abrams,* 91 AD2d 1129, 1130). Respondents have not met this burden.

The record indicates petitioners' consent to the test period audit was merely passive acquiescence, not the intentional relinquishment needed to effect a waiver *(see, Joyce v Joyce,* 110 AD2d 682, 683, *appeal dismissed* 65 NY2d 923). Petitioners' accountant's agreement to a test period audit and concession that the period selected was fair does not, without more, equate to a considered and affirmative abandonment of petitioners' right to a full audit or of their prerogative of challenging respondents' recourse to a test audit, particularly in view of the accountant's testimony that he specifically advised the auditor that by not objecting to the test audit he did not intend to waive "any defense or any argument that [petitioners] may possess against the use of a test period audit".

With regard to the audit performed, petitioners' challenge to respondents' refusal to grant an allowance in the audit of purchases for debris-carting services has merit. These purchases, when made in conjunction with a capital improvement project, are not taxable; accordingly, petitioners are entitled to an allowance in the audit for the purchases of these services made after September 1, 1976 *(see, Matter of Building Contrs. Assoc. v Tully,* 87 AD2d 909).

Determination annulled, and petition granted, without costs, and matter remitted to respondent State Tax Commission for further proceedings not inconsistent herewith.

Casey, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.

Levine, J., concurs in part and dissents in part in a memorandum. Levine, J. (concurring in part and dissenting in part). Petitioners in this case chose to be represented, in dealing and negotiating with State sales tax auditors over their sales tax liability, by a certified public accountant. At least impliedly, if not expressly, a certified public accountant holds himself out to both the client and taxing authorities as a competent, knowledgeable professional in tax matters. Such accountants are included within a narrow class of licensed professionals permitted to represent taxpayers in proceedings before the State Tax Commission (20 NYCRR 601.2 [c]). Accordingly, in my view, the State sales tax auditor was entitled to rely upon the accountant's express agreement to the test period audit which was conceded by the latter in his testimony at the hearing (see, Matter of Surface Line Operators Fraternal Org. v Tully, 85 AD2d 858), without having to inquire further as to whether petitioners' waiver of any rights to a full audit was made knowingly and intentionally. Since the accountant expressed no reservations to the auditor when the agreement was made for the use of a test period, the accountant's self-serving assertion at the hearing that he had not intended to waive any defense or objection to that audit method should not change the effect of his agreement.

With regard to petitioners' contention that their purchase of debris-carting services made after September 1, 1976 was nontaxable, I am in agreement with the majority that an allowance should have been made in the audit for those purchases. Therefore, I would annul only so much of the determination as included the purchase of debris-carting services in the audit and otherwise would confirm.