■ In the Matter of MENDON LEASING CORPORATION, Petitioner, v STATE TAX COMMISSION, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner, the operator of a large-scale motor vehicle leasing business, sold approximately 370 vehicles in three years from its rental fleet for which it neither collected nor paid sales taxes. Following a formal hearing, respondent reduced to $38,098.20 a determination by the Audit Division of the Department of Taxation and Finance assessing sales tax due on the sale of 210 trucks and automobiles. It is petitioner's contention that these sales were exempt from sales tax for one of the following reasons: (1) sales tax was paid on some of the vehicles at the time of their reregistration with the Department of Motor Vehicles (hereinafter DMV) (Tax Law § 1132 [f]); (2) the sales were to out-of-State purchasers (Tax Law § 1117 [a]); (3) the vehicles were purchased for resale (Tax Law § 1101 [b] [4] [i] [A]); or (4) some of petitioner's receipts were from casualty insurance for destroyed vehicles. Respondent concluded that Tax Law § 1132 (f) did not relieve petitioner of its duty to collect sales tax and that in all other respects petitioner failed to meet its burden of proving that receipts from the sale of its vehicles were not taxable. In this CPLR article 78 proceeding, petitioner seeks annulment on the ground that respondent's determination was arbitrary and capricious.

Petitioner acknowledges not collecting sales tax on any of the vehicles it sold but argues, after the fact, that since 85 of the 210 vehicles at issue here were reregistered with DMV, which requires proof that sales tax has been paid or that no tax is due (Tax Law § 1132 [f]), petitioner's obligation to collect sales tax should be disregarded. Tax Law § 1131 (1) and § 1132 (a) make vendors of tangible personal property responsible for collecting sales tax on the items they sell. The vendor's liability is not measured based upon the amount of tax collected but on the receipts subject to sales tax (see, Matter of Ames Volkswagen v State Tax Commn., 47 NY2d 345, 350-

351). As a registered sales vendor, petitioner bears the burden of proving that its sales should not be subjected to sales tax (Tax Law § 1132 [c]). Petitioner cannot shift its duty to collect the tax or document exemption from taxation *(see,* Tax Law § 1133; *Matter of On the Rox Liqs. v State Tax Commn.,* 124 AD2d 402, 404, *lv denied* 69 NY2d 603), even though its customer and DMV may share that responsibility *(see,* Tax Law § 1132 [c], [f]).

Tax Law § 1132 (f) provides a mechanism whereby DMV assists respondent in monitoring and collecting sales tax on motor vehicles. It does not, however, relieve motor vehicle vendors, like petitioner, of their statutory charge to collect sales tax and keep adequate records of having done so (Tax Law § 1131 [1]; § 1132 [a]; § 1135). As respondent points out, given the opportunity for evasion, Tax Law § 1132 (f) cannot be regarded as an effective enforcement tool for insuring that individual purchasers have indeed remitted the proper sales tax. Moreover, to conclude that evidence of reregistration, without more, relieves vendors of the burden expressly imposed upon them by the Legislature of ensuring that the correct amount of sales tax is collected would effectively nullify the coercive aspects of the statute *(see,* Tax Law § 1132 [c]; *Matter of Savemart, Inc. v State Tax Commn.,* 105 AD2d 1001, 1003, *lv denied* 65 NY2d 604). In light of the statutory burden placed on petitioner, we cannot say that respondent's determination was arbitrary or capricious.

As for petitioner's remaining contentions, it clearly did not meet its burden of proof. For instance, petitioner claims that certain vehicles were sold for resale based upon the number sold or the name of the purchaser. Like arguments were considered and rejected in *Matter of Savemart, Inc. v State Tax Commn. (supra).*

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Yesawich, Jr., and Levine, JJ., concur.