■ In the Matter of KOREN-DI RESTA CONSTRUCTION COMPANY, INC., Petitioner, v STATE TAX COMMISSION, Respondent. —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which partially sustained sales and use tax assessments imposed under Tax Law articles 28 and 29.

Petitioner is a general building contractor involved in the construction and renovation of buildings and additions. The Audit Division of the Department of Taxation and Finance conducted a field audit to determine petitioner's liability for sales and use taxes on items purchased by it in connection with its activities for the period December 1, 1972 through August 31, 1978. Because of a lack of cooperation by petitioner and its bookkeeper, and their failure to provide invoices and certificates to substantiate that taxes had been paid or that purchases were exempt from sales and use taxation, the auditor selected three allegedly representative capital improvement projects as a test sample, performed complete audits of them and applied the results to all projects undertaken by petitioner during the audit period. The audit resulted in notices of additional tax, penalty and interest of

$340,892.78 for the period December 1, 1972 through May 31, 1976, and $345,370.39 for the period June 1, 1976 through August 31, 1978, for a total assessment of $686,263.17.

Petitioner filed a petition for revision of the determination. At the hearing before respondent, petitioner specifically challenged the auditor's determinations as to the tax to be imposed on purchases of temporary lighting, certain items alleged to have been purchased for resale or furnished to a tax-exempt entity, debris removal, and steel furnished under two particular contracts. Respondent credited petitioner's contentions with respect to the tax on sums paid for debris removal and steel purchases and reduced the assessment accordingly. The balance of the assessment was sustained, primarily due to petitioner's failure to supply needed invoices and certificates, despite the fact that the proceedings had been adjourned for over 60 days for the express purpose of permitting petitioner to obtain necessary documentation. By stipulation of the parties, the portion of the assessment attributable to temporary lighting was eliminated as well and shall not, accordingly, be considered.

In this proceeding, petitioner for the first time raises a challenge to the test audit, to the three job samples used and to the method employed to arrive at taxable purchases for the entire audit period. As quite properly argued by respondent, this contention has not been preserved for our consideration. Notwithstanding petitioner's assertion to the contrary, the record is devoid of any legitimate challenge to the methodology used in conducting the audit. The allegation of the perfected petition assigning error to "[t]he auditor for New York State applying a percentage of what he considered taxable sales and/or purchases arrived at during the tested months to all materials" is not sufficiently particular to put respondent on notice of any claimed defect in the audit method since the allegation could be interpreted as merely taking exception to the findings of the auditor as to taxable sales or purchases and nothing else. Tax regulation 20 NYCRR 601.3 (a) requires that a petition for redetermination state in sufficient detail the action of the audit bureau that petitioner is protesting. More significantly, the testimony of the auditor that he "had spoken to [petitioner's certified public accountant] about the jobs that [they] were talking about as being representative, and [the accountant] said there was no problem; they were representative" was neither challenged nor controverted at the hearing (see, Matter of Surface Line Operators Fraternal Org. v Tully, 85 AD2d 858, 859). Similarly, petitioner's present claim that

the auditor erred in his treatment of payments to National Vertical Blind Company, Monning Steel Partition Company, Arthur Post Company, Cord Contracting Company, Aldo Welding Service and Ardee Floor Coverings was not raised before respondent.

As a general rule, objections not raised at the hearing or board level may not be raised for the first time in the application for judicial review *(see, Matter of Consolidated Edison Co. v State Bd. of Equalization & Assessment,* 60 AD2d 356, 359, *lv denied* 45 NY2d 706). Our holdings in *Matter of Kennedy & Co. v Chu* (125 AD2d 773, 774), *Matter of Hard Face Welding & Mach. Co. v State Tax Commn.* (81 AD2d 967, 968) and *Names in the News v New York State Tax Commn.* (75 AD2d 145) do not compel a contrary result. In each of those cases, all necessary books and records were available to the auditor. Therefore, the issue considered by the court was not whether the test audits were conducted properly but, rather, whether a test audit could be conducted at all *(see,* Tax Law § 1138 [a] [1]; *Matter of Kennedy & Co. v Chu, supra).* Here, petitioner's own accountant candidly acknowledged the failure to provide needed invoices and certificates.

Even if we were to find that petitioner had not waived its right to challenge the propriety of the test audit, the result would be no different as petitioner has failed to meet its burden of establishing by clear and convincing evidence that the method of audit or the amount of the tax assessed was erroneous *(see, Matter of S. H. B. Super Mkts. v Chu,* 135 AD2d 1048; *Matter of Surface Line Operators Fraternal Org. v Tully, supra,* at 859). In the face of such an "imponderable mess" as this *(see, Matter of Meyer v State Tax Commn.,* 61 AD2d 223, 227, *lv denied* 44 NY2d 645), respondent was free to fashion a method reasonably calculated to reflect the taxes due *(see, Matter of Grant Co. v Joseph,* 2 NY2d 196, 206, *cert denied* 355 US 869).

The argument that respondent's rejection of portions of the audit and corresponding reduction of the assessment requires a finding that the entire audit was flawed is not persuasive. These reductions do not serve to show that the entire process was affected by error. Petitioner retains the burden of showing that the deficiencies assessed were erroneous *(see, Matter of Grecian Sq. v New York State Tax Commn.,* 119 AD2d 948). The contentions that the test jobs were not sufficiently representative of petitioner's work during the audit period and that the over-all methodology was flawed lack support in the record. Moreover, even if we were to find that petitioner had

not waived its claims for exemption, it is petitioner's burden to substantiate the exemptions it claims from taxation (Tax Law § 1132 [c]; *Matter of McCluskey's Steak House v State Tax Commn.*, 80 AD2d 713). Petitioner could not be credited for the few exemption certificates it produced at the hearing because they could not be connected to a specific purchase for a specific job. Additionally, petitioner has not substantiated its specific exemption claims regarding vertical blinds, as it never produced the purchase invoice showing the tax paid *(see,* Tax Law § 1132). Its exemption claim regarding welding is unsubstantiated, since the bill shows the work performed to have constituted a repair subject to tax *(see,* Tax Law § 1105 [c] [5])* rather than a capital improvement. Also unsubstantiated is petitioner's exemption claim regarding partitions, as it is not clear whether the partitions are easily removed without damage and, hence, taxable *(see,* Tax Law § 1101 [b] [9] [ii]). Last, the record does not support the claim that the Hearing Officer wrongfully rejected petitioner's offer of proof. The subject material, described by petitioner's representative as the "entire file", was not identified and was never offered in evidence.

The remaining contentions of petitioner have been considered and found meritless.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss and Mercure, JJ., concur.