In the Matter of ARNMART WHOLESALE BEER DISTRIBUTORS, INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Mercure, J.

The Audit Division of the Department of Taxation and Finance conducted an audit of petitioner, a wholesale beer distributor, in connection with its liability for payment of sales and use taxes for the period of March 1, 1979 to August 31, 1982. Because petitioner is restricted by the terms of its

license to wholesale beer sales, not subject to sales or use taxation, the audit was limited to an examination of petitioner's purchase and expense accounts. Further, because of petitioner's conceded failure to produce purchase invoices for the entire audit period, a test period audit was performed covering the period of September, October and November 1981. The audit resulted in an April 27, 1983 determination of deficiency of $5,263.85, plus interest of $1,605.51. Petitioner filed a petition for redetermination of the deficiency, evidence was presented at a hearing thereon and respondent denied the petition.

Petitioner's primary contention is that a test period audit should not have been performed because complete records were available *(see, Matter of Kennedy & Co. v Chu,* 125 AD2d 773, 774; *Matter of Hard Face Welding & Mach. Co. v State Tax Commn.,* 81 AD2d 967, 968; *Names in The News v New York State Tax Commn.,* 75 AD2d 145, 147). Petitioner avers that it retained invoices and other records properly documenting its payment of all applicable sales and use taxes for the entire audit period but that these and all other records had been seized in an unrelated proceeding by the New York City Beverage Commission. The records were not available to petitioner as a result but, the argument continues, could have been obtained by respondent, through use of its subpoena power if necessary *(see, Matter of Continental Arms Corp. v State Tax Commn.,* 130 AD2d 929, 931), from this "sister agency".

This claim was considered and rejected by respondent, a factual determination which is supported by substantial evidence in the record and which we shall not disturb. Arnold Miller, an officer of petitioner, testified at the hearing as to the unavailability of the subject records. However, he was unclear as to which records were seized by the Beverage Commission, finally stating that all records had been taken, and he could not state the approximate date or even the year of the seizure. Further, his testimony that all records had been seized was directly contradicted by petitioner's production of many records relevant to the test period. Miller also attributed the lack of records to five break-ins of petitioner's offices and testified that copies had been made of the seized records at any rate. Significantly, petitioner did not produce a copy of the subpoena directing the seizure and, assumedly, identifying the records to be seized or otherwise confirm the contention that purchase records had been seized. In direct contradiction, the auditor, Stephen Cassel, testified that he

contacted the New York City Beverage Tax Unit and was advised that they had only petitioner's sales invoices for August 1980 through August 1981 and bank statements for December 1979 through August 1981. These records were not relevant to the subject audit and, accordingly, were not obtained.

Petitioner has not even attempted to establish by clear and convincing evidence that the audit method utilized was erroneous (see, Matter of Sol Wahba, Inc. v New York State Tax Commn., 127 AD2d 943, 944) and concedes that use of a test period audit is not arbitrary and capricious where a taxpayer's records are insufficient to allow determination of the exact amount of tax due for the total audit period (see, Matter of Licata v Chu, 64 NY2d 873, 874). Since the record in the instant case does not demonstrate that petitioner maintained complete and adequate records, the test period audit was properly employed.

Petitioner's contention that the Hearing Officer should have taken judicial notice of the fact that the Department of Motor Vehicles requires proof of payment of sales tax on vehicles upon registration is similarly unavailing. Under the circumstances present here, the Hearing Officer acted within the scope of her discretion in denying the request (see, Richardson, Evidence § 14, at 9-10 [Prince 10th ed]) since petitioner did not establish that the subject vehicles had been registered within the State. In fact, petitioner acknowledged that a particular flatbed trailer had not been registered and that the applicable sales tax had not been paid. Further, we have recently held that Tax Law § 1132 (f) cannot be regarded as an effective enforcement tool for insuring remittance of the tax and that evidence of registration will not relieve taxpayers of the obligation to maintain adequate records (see, Matter of Mendon Leasing Corp. v State Tax Commn., 135 AD2d 917, 918, lv denied 71 NY2d 805). Petitioner's remaining contentions are either unpreserved for our review or lack merit.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.