■ In the Matter of JERICHO BOATS OF SMITHTOWN, INC., Petitioner, v STATE TAX COMMISSION OF THE DEPARTMENT OF TAXATION AND FINANCE, Respondent.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The issue before us is whether respondent properly determined that petitioner was responsible for the collection and payment of sales taxes in connection with certain sales of secondhand boats for which petitioner had acted as a broker. At the hearing held upon petitioner's request for a redetermination, testimony and evidence was presented which established the following facts. Petitioner was in the business of selling new pleasure boats. In addition, it also acted as broker between the owners of boats offered for sale and buyers thereof obtained through the efforts of petitioner. Petitioner would display boats or pictures of boats sought to be sold by an owner and if a buyer was interested, petitioner would arrange a sale and sometimes aid in financing the purchase, all for a brokerage commission. Petitioner would then collect the sales price and remit it to the owner/seller, minus the commission. The purchases and sales of boats upon which petitioner retained a commission were reported as purchases and sales in its records, although these sales were listed in petitioner's books as nontaxable sales. Respondent upheld the imposition of the sales tax and petitioner commenced this CPLR article 78 proceeding to review that determination. The proceeding was then transferred to this court.

Initially, petitioner argues that it was not responsible for collecting sales tax since title to the used boats never vested in petitioner in the course of the subject transactions. We disagree. The sale of the boats was clearly a taxable "retail sale of tangible * * * property" (Tax Law § 1105 [a]). It is true that petitioner did not strictly transfer title or possession of the boats in question (see, Tax Law § 1101 [b] [5]). However, Tax Law § 1101 (b) (8) (ii) specifically provides that respondent may, in its discretion: "treat any salesman, representative, peddler or canvasser as the agent of the vendor * * * from whom he obtains tangible personal property sold by him * * * as the vendor jointly responsible with his principal * * * for

the collection and payment over of the tax." *(See,* 20 NYCRR 526.10 [a] [8].)* Here, petitioner conceded that it collected the sales price of the subject boats and acted as the broker in bringing together the buyers and sellers. Petitioner itself characterized the transactions on its books as purchases and sales *(see, Matter of Colt Indus. v New York City Dept. of Fin.,* 66 NY2d 466, 471).* On this basis, we find no abuse of discretion in respondent's finding that petitioner, by acting as a broker, was an agent of the vendors and was therefore liable for the collection and payment of the sales tax on the subject boats *(see, Names In The News v New York State Tax Commn.,* 75 AD2d 145, 146; *Matter of Drey Co. v State Tax Commn.,* 67 AD2d 1055, 1056, *lv denied* 47 NY2d 708; *see also,* Tax Law § 1101 [a], [b] [8] [ii]).

Petitioner also argues that it was treated unfairly, since it was incorrectly informed by a local tax office that it did not have to collect the sales taxes. Petitioner advances that as the reason it did not avail itself of the opportunities to collect the taxes when it had the chance to do so. In rejecting this argument, we note that estoppel does not apply to the State acting in its governmental capacity, especially in matters involving the collection of taxes *(see, Matter of Manhattan Cable Tel. v New York State Tax Commn.,* 137 AD2d 925, *appeal dismissed* 72 NY2d 839).

Next, petitioner argues that because Tax Law § 1132 (f) precludes registration of boats unless proof is presented that sales taxes have been paid or are not due, petitioner was relieved of any duty it may have had to collect sales taxes. This court, however, has recently specifically held that proof of registration does not relieve a vendor of its burden of collecting sales taxes *(see, Matter of Mendon Leasing Corp. v State Tax Commn.,* 135 AD2d 917, *lv denied* 71 NY2d 885). Petitioner's argument on this point therefore must also fail.

Finally, we have examined petitioner's remaining arguments and find them lacking in merit. Accordingly, since petitioner has failed to meet its burden of establishing entitlement to exclusion from tax *(see, Matter of Mobil Oil Corp. v Finance Adm'r of City of N. Y.,* 58 NY2d 95, 99), respondent's determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.