■ In the Matter of MON PARIS OPERATING CORPORATION, Appellant, v COMMISSIONER OF TAXATION AND FINANCE OF THE STATE OF NEW YORK, Respondent.—Mikoll, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered April 13, 1988 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for failure to exhaust administrative remedies.

In July 1984, the Department of Taxation and Finance notified petitioner that additional sales and use taxes were due for the period September 1, 1980 through February 28, 1984 in the amount of $64,011.37, plus a penalty of $13,073.34 and interest of $16,556.68, making a total of $93,641.39. Petitioner belatedly disputed these assessments but was eventually ordered to pay sales taxes alleged to be due for the period in question in the sum of $110,000, exclusive of interest and penalties. Petitioner paid a total of $99,163.41 in installments. During this time, however, the amnesty program (20 NYCRR part 2500) came into existence and, on January 21, 1986, petitioner paid the balance of the tax and interest due on the assessment and on a warrant previously issued to effect collection of the amounts due.

Thereafter, petitioner submitted a claim seeking a refund of all the taxes paid under the assessment. The claim was denied. The Department, however, granted petitioner a refund of $3,615.69 representing an overpayment of the amount due under amnesty. Petitioner then commenced this CPLR article 78 proceeding seeking a refund of sales taxes allegedly unlawfully demanded by the Department and paid by petitioner. Respondent filed objections in point of law seeking dismissal of the petition on two grounds: (1) that under Tax Law § 1140 the exclusive remedy for review of sales tax liability is the procedure set forth under Tax Law §§ 1138 and 1139, and petitioner's failure to timely follow said procedure required dismissal of the proceeding and "finally and irrevocably" fixed the tax liability pursuant to the statute, and (2) that petitioner paid the tax under the amnesty program (L 1985, ch 66, § [1] [e]), and 20 NYCRR 2500.8 (b) provides that unless the State Tax Commission on its own motion redetermines the amount of the tax plus interest, no refund or credit shall be granted of any of the tax plus interest paid under said program. Supreme Court dismissed the petition on the ground that petitioner failed to comply with the provisions of Tax Law § 1140. This appeal ensued.

There should be an affirmance. Petitioner, having taken advantage of the amnesty program and received the benefits

therefrom, is bound by the course it elected to follow. By paying the tax due as defined in 20 NYCRR 2500.5 (d) (1), petitioner made an admission that it owed the amount of tax which it paid. Petitioner thereupon was not obligated to pay any penalty arising from such admission and, by the tax amnesty provision and the regulations, the taxes were finally and irrevocably assessed (L 1985, ch 66, § 1 [e]; 20 NYCRR 2500.8 [b]). Consequently, petitioner may not maintain this proceeding to claim a refund of the tax so paid or seek damages for the payment. Supreme Court therefore properly dismissed the proceeding.

We find it unnecessary to reach the other grounds Supreme Court relied on for affirmance.

Judgment affirmed, with costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.