[609 NYS2d 405]

In the Matter of LAWRENCE E. WALSH et al., Petitioners, v
TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al.,
Respondents.

Third Department, March 24, 1994

APPEARANCES OF COUNSEL

*Davis, Polk & Wardwell,* New York City *(John A. Corry* and *Leslie J. Altus* of counsel), and *DeGraff, Foy, Holt-Harris & Mealey,* Albany *(James H. Tulley, Jr.,* and *Peter G. Barber* of counsel), for petitioners.

*G. Oliver Koppell, Attorney-General,* Albany *(Daniel Smirlock* and *Nancy A. Spiegel* of counsel), for Commissioner of Taxation and Finance of the State of New York, respondent.

**OPINION OF THE COURT**

CASEY, J.

In 1985, the Legislature provided for the establishment of a three-month tax amnesty program during which any penalties would be waived upon a taxpayer's application and payment of designated taxes plus interest, and no civil, criminal or administrative action or proceeding could be brought against the taxpayer relating to the designated taxes (L 1985, ch 66, § 1 [a], [b]). Petitioner Lawrence E. Walsh (hereinafter petitioner) sought to take advantage of the program with regard to the taxes due on payments he had received as a retired partner of a New York City law firm in 1982 and 1983, when

he was not a resident of New York. In December 1985 petitioner filed a tax amnesty application and paid the designated taxes plus interest. Included with petitioner's application were cover letters which stated, "I wish to take advantage of the Amnesty Program, but I do not wish to waive my right to claim a refund". The statute which authorized the tax amnesty program expressly provided that no refund shall be granted of any taxes paid under the program unless the State Tax Commission on its own motion redetermined the amount of the taxes (L 1985, ch 66, § 1 [e]). The regulations promulgated to implement the tax amnesty program contained a similar prohibition on refunds (20 NYCRR 2500.8 [b]).

After filing his application to obtain the benefits of the tax amnesty program, petitioner attempted to pursue the administrative procedures ordinarily available to taxpayers who seek refunds. Despite the clear and unambiguous language of the enabling statute and implementing regulations, petitioner claims that he was misled by various named and unnamed officials of the Department of Taxation and Finance into believing that he could obtain the benefits of the tax amnesty program and seek a refund of the taxes paid under the program. Respondent Tax Appeals Tribunal ultimately determined that petitioner's claim for a refund was barred by his participation in the tax amnesty program. The determination also concluded, in the alternative, that petitioner's retirement payments were taxable.

In this proceeding to review the Tax Appeals Tribunal's determination, petitioner concedes that participation in the tax amnesty program ordinarily precludes a taxpayer from seeking a refund of the taxes paid under the program, a principle recognized by this Court in *Matter of Mon Paris Operating Corp. v Commissioner of Taxation & Fin. of State of N. Y.* (151 AD2d 822). Petitioner claims that the general principle is not applicable to him for two reasons. First, he claims that although he sought and received benefits of the tax amnesty program, he did not really participate in the program and, second, he claims that respondents should be estopped from asserting the tax amnesty program as a bar to petitioner's refund.* Both claims are totally meritless.

---

* Petitioner also points out that the Department's answer in the administrative proceeding commenced by petitioner did not assert the tax amnesty program as an affirmative defense. The tax amnesty issue was raised, however, at the beginning of the hearing and petitioner failed to object on

■ According to petitioner, he did not file an "unqualified" application for tax amnesty, and he effectively withdrew his tax amnesty application by filing a claim for a refund. When he sought to take advantage of the benefits of the tax amnesty program, petitioner knew or should have known from the clear wording of the relevant statutory and regulatory provisions that he could not obtain a refund of the taxes paid under the program. Petitioner's attempt to take advantage of the amnesty program and at the same time avoid the legislatively mandated consequence of participation in the program neither "qualified" his application to participate in the program nor effectively withdrew the tax amnesty application. For nearly five years, during which petitioner paid no penalties and was not subject to any civil, criminal, or administrative action or proceeding for his failure to pay taxes on his retirement payments when the taxes were due, petitioner continued to seek that to which he clearly was not entitled, i.e., a refund of the taxes paid under the amnesty program. Having sought and reaped the benefits of the amnesty program, petitioner also sought preferential treatment not ordinarily available to those who participated in the program. When petitioner realized that he was not going to be accorded the preferential treatment that he demanded, he sought to withdraw his tax amnesty application in November 1990, long after the application had been formally granted and long after he had been accorded the benefits of the program which he sought. We reject petitioner's contention that he is not subject to the same clear and unambiguous legislative and regulatory mandate as the taxpayer in the *Mon Paris* case.

■ Petitioner's estoppel claim is equally unconvincing. The circumstances of this case do not constitute an unusual factual situation, which is necessary to invoke the doctrine of estoppel against a governmental agency engaging in the exercise of its governmental functions *(see, e.g., Advanced Refractory Technologies v Power Auth.,* 81 NY2d 670, 677-678) "especially in matters involving the collection of taxes" *(Matter of Jericho Boats v State Tax Commn.,* 144 AD2d 163, 164, *appeal dismissed* 73 NY2d 1010). Assuming that petitioner could have been misled by tax officials despite the clear and unambiguous mandate of the statute and regulations, "it is well established that erroneous advice given by an employee of a governmental

the procedural ground at a time when the defect could have been cured *(see,* 20 NYCRR 3000.4 [c]).

agency is not considered to rise to the level of an unusual circumstance" *(Matter of Smith v New York State & Local Retirement Sys.,* 199 AD2d 763, 764). No confusion could have existed when petitioner submitted his tax amnesty application, for the authorizing statute and implementing regulation expressly precluded a refund of taxes paid under the program unless the State Tax Commission on its own motion redetermined the amount of the taxes (L 1985, ch 66, § 1 [e]; 20 NYCRR 2500.8 [b]). Inasmuch as petitioner was obviously aware of the tax amnesty program and its benefits when he filed the application, he also must have been aware of the consequence of participation in the program as mandated by the statute and regulation. The confusion, if any, was created by petitioner's attempts to obtain the benefits of the tax amnesty program but avoid the legislatively mandated consequence of participation in that program. Petitioner cannot use the alleged confusion, which he created, as a bootstrap to obtain preferential treatment not available to other taxpayers who participated in the program and did not demand a refund to which they were not entitled.

MIKOLL, J. P., WHITE and YESAWICH JR., JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.